Ruffin, C. J.
 

 There have been a great many cases foL lowing those of
 
 Reynolds
 
 v.
 
 Flinn,
 
 1. Hay. 106, and
 
 Lewis
 
 v.
 
 Porker,
 
 Ibid. 125, and firmly settling the principle there laid down, that a grant cannot be avoided upon evidence in ejectment, notwithstanding the strong and general terms in which the act of 1799 declares them void, if obtained contrary to law. The court was right, therefore, in rejecting the evidence of a violation of the provisions oí the act of ’88, since it could not legally impeach
 
 *472
 
 the grant. For the same reason the grant could not be affected by excess of quantity above the 3000 acres, allowed as a bounty by the act. The case therefore depends upon the construction of the grant. Now that must be made upon its own terms and cannot be altered by evidence
 
 aliunde
 
 of an intention to except particular land, which is in truth not excepted in the deed. The evidence offered for that purpose was, consequently, also properly rejected. Then, what is the legal construction of the grant upon its face ? There is no doubt that, but for the exception, it passes all the land covered by
 
 the
 
 boundaries according to the calls, courses, and distances, notwithstanding the quantity so far exceeds that mentioned in it; for the quantity is no part of the description and cannot control a definite description by metes and bounds, which is so well settled, as to have become an elementary rule of construction. It follows thence, that the question turns exclusively upon the operation of the exception; which is of “ 5699 acres, included within the bounds,” without specifying any particular portion as constituting the quantity reserved, or any part of it. We thinlc the exception, thus vague and uncertain, must be inoperative, and cannot restrain the general terms of the grant of the land according to the description in the patent. A grant of
 
 “569.9
 
 acres, included in a
 
 county, or
 
 included within certain boundaries covering 100,00ft acres,” would be void,for the uncertainty of the subject of the grant. So, when the grant clearly identifies the thing granted, it must pass all of it that is not properly and sufficiently excepted;. The granting part of a deed is not avoided by a defect in the exception, but the exception itself becomes ineffectual thereby, and the grant remains in force. Such, we hold, to be the law of this case according to the terms of the patent. There is nothing in the plat and survey annexed to it, which can aid the construction, supposing they could have the effect in any case of extending,, the sense of plain words in th® body
 
 *473
 
 of the grant; for, in fact, the grant goes beyond the description in the survey, in introducing an exception, at all; and the whole figure in the plat, formed by the lines called for in the survey, is occupied by smaller diagrams, in some of which there are numbers of acres set down, but there is no clew given thereinto the enquiry, which diagrams represent the part or parts excepted. These circumstances, together with the disregard of the enactments regulating the proceedings on entries for iron works, alleged by the defendant, may furnish sufficient grounds for impeaching the grant in another proceeding.
 

 Rut in this action the law is, that the grant is to be received as valid ; and we think it is to be read, as if there were no exception in it, since the exception, as expressed is so vague as not to identify the part excepted and is therefore ineffectual.
 

 PeR Curiam. Judgment affirmed.