JAMES C. HARRISON and WIFE MARY E. v. A. HAHN et al.

*Deed—Defective Description—Levy—Tax Sale—Parol Evidence.*

1. Parol evidence may be admitted to fit the description to the thing intended to be conveyed in a deed, but not to add to or enlarge its scope.

2. Where the descriptive words in a deed are so indefinite that in order to give it effect something must be added, the conveyance is inoperative.

3. These rules are applicable to the assessment, levy, notice, &c., as well as the deeds, made in selling lands for taxes; and these defects being in essential matters, will not be cured by a second conveyance in which an accurate description of the land is made.

(*Farmer* v. *Batts,* 83 N. C., 387, cited and approved.)

This was a CIVIL ACTION to recover land, tried before *Shipp, Judge,* at the Special February Term, 1885, of CRAVEN Superior Court.

The plaintiffs claimed under a levy, sale and conveyance by the Tax Collector of the city of Newbern, and offered in evidence the following entry on the tax book for the year 1879: "E. D. Jones, Pollock and Spring Sts., and part lot L. Nash. Tax and costs $6.13."

They also offered the following advertisement, duly published: "City Tax Collector's office, Newbern, N. C.

"Take notice, that I have levied on the lands and personal property of the following named persons, listed by them in the year 1879, for default in payment of city taxes, and shall pro-

ceed to sell the same at the Court House door in the city of New-bern, on the 5th day of April, 1880.   W. G. Singleton, City Tax Collector."

| Name : | Tax & Costs. |
|---|---|
| E. D. Jones, Pollock and Spring Sts., and part lot L. Nash, | $6.13 |

Pursuant to the advertisement, the sale was made and a certificate given to the purchaser, the plaintiff Mary E., in these words :

RECEIVED, April 16, 1880, of Mary E. Harrison the sum of six $\frac{13}{100}$ dollars, of which amount———dollars is tax for fire department of the City of Newbern, and———dollars is tax for the current expenses of the City of Newbern,———dollars is for the special mandamus tax for the City of Newbern, and one $\frac{95}{100}$ dollars is cost incurred in the suit of W. G. Singleton, City Tax Collector, against E. D. Jones.   Execution for taxes, 1879.

By virtue of the above mentioned execution issued from the Superior Court of Craven county on the 5th day of March, 1880, the said W. G. Singleton, City Tax Collector as aforesaid, did levy upon a certain piece or parcels of lands, situated in the City of Newbern, N. C., on Pollock and Spring streets, and part Lafayette Nash Lot, and numbered on the chart of the City of Newbern———, listed by E. D. Jones, to satisfy the taxes due thereon for the year 1879, and did proceed to sell the same at the Court House door of Craven county, on Monday, the 5th day of April, 1880, after due advertisement according to law, whereupon Mary E. Harrison became the purchaser, at the sum of six $\frac{13}{100}$ Dollars, of $\frac{9}{10}$ interest in said lots.

W. G. SINGLETON,
City Tax Collector.

Probated, April 27th, 1880.
Registered, May 3, 1880.

On April 22, 1882, the Tax Collector executed a deed to the said Mary E., which contains these recitals :

"Whereas, the city taxes assessed for the year A. D. 1879, on the following lands and tenements in the City of Newbern aforesaid, to wit: Parts of lots on corner of Pollock and Spring streets and part Lafayette Nash or back lot, listed by E. D. Jones on the tax book of the City of Newbern for the year 1879, remaining unpaid, after the time limited by law, Wm. G. Singleton, the then Tax Collector for said city, levied on said lands or lots, and returned a list of his levies to the Clerk of the Superior Court of Craven county; and the said Tax Collector, after advertising and giving notice according to law, sold said lands or lots to pay said taxes and costs, at public auction at the Court House in Newbern, on the 5th day of April, A. D. 1880, when and where Mary E. Harrison, party of the second part, became the purchaser of nine-tenths ($\frac{9}{10}$) interest in said lots, at and for the sum of six and $\frac{13}{100}$ dollars, and has paid the sum of money; and the owner of said lands or lots having failed to redeem the same," &c.

The deed then proceeds for the consideration of $6.13, the taxes and costs, to convey to the purchaser, in words to pass the fee, "an undivided nine-tenths interest in the above described lands and tenements."

A second deed was made to the said Mary E., on Sept. 24th, 1883, by the same collector, wherein after a preliminary recital in these words: "Whereas, the said party of the first part, did, on the 22d day of April, A. D. 1882, for the considerations therein mentioned, convey by deed to the said party of the second part, her heirs and assigns, in fee simple, an undivided nine-tenths interest in and to certain real estate, (which deed is recorded in the records of Craven county, N. C., in book No. 85, fol. 349); and whereas, said deed does not fully describe by proper metes and bounds, the said lands and tenements, therefore, * *" he proceeds for the same consideration to convey the lands, with a full and sufficient description to assure their identity and location.

The lots were conceded to be the property of the defendant Hahn when the tax was levied, and continues to be his, unless his

title has been divested and transferred by the tax sale and deeds, and that Jones, then and since, has had no interest in them, though he resided thereon.

There was no evidence as to any description or location of the land, except as shown by the tax book and said deeds.

Upon this showing, the Court was of opinion that there were no issues for a jury to pass on, to which counsel assented, and that the plaintiffs were not entitled to recover. In submission thereto the plaintiff suffered a nonsuit, and judgment being rendered against them, they appealed.

*Mr. W. W. Clark* and *Mr. John Devereux, Jr.,* for the plaintiffs.

*Mr. M. De W. Stevenson,* for the defendants.

SMITH, C. J. (after stating the facts). Among the numerous objections taken to the plaintiffs' claim under the proceedings to enforce the payment of the tax by a sale of land, as the property of one who had no interest in it, it is necesssary, in the view we take of the case, to advert to but one, the incurable indefiniteness of the description of the lots as found in the tax book, in the published notice of sale, and in the sale itself and the deed made to give it effect.

The office of descriptive words, is to ascertain and identify an object, and parol proof is heard, not to add to or enlarge their scope, but to fit the description to the thing described. When they are too vague to admit of this, the instrument in which they are contained becomes inoperative and void. In respect to deeds, the subject is fully considered, and our own rulings reviewed, in *Farmer* v. *Batts,* 83 N. C., 387, and we do not propose a re-examination.

Now it is manifest, that the attempted designation of the lots utterly fails in identifying them, and the very evidence offered and rejected, was to add to the description.

The deed of April 22, 1882, quite as definite, (if not more so,) as the preceding entry, describes the land as " Parts of lots on corner of Pollock and Spring streets, and part Lafayette Nash or back lot, listed by E. D. Jones on the Tax book," &c. If these streets intersected, there would be four lots, one at each corner, and which of the four is meant?

If the lot is located, what parts are intended to be separated and cut off ? and what part of the other or back lot ? There are no means provided to ascertain the parts, unless you superadd to the words of description.

The sale itself was of lots as *described in the tax book,* and the deed is in strict compliance with the announced terms of sale.

The second deed, made upon a description furnished by the plaintiff James C., and at his request, and entirely unwarranted by precedent facts, cannot help the infirmities incident to the proceeding. The result must be controlled by the facts, and only what was offered and sold can be conveyed by the collector.

We have not adverted to the anomaly of selling one man's land to pay the tax due by another, in face of a provision in the charter, §43, which requires the money to be raised, when it can be, from the personal estate of the debtor, before proceeding against his land, nor to the many other irregularities apparent in the proceeding, as it is sufficient to dispose of the appeal, to sustain the ruling of the Court upon the point noticed.

There is no error and the judgment must be affirmed.

No error.                                                    Affirmed.