EASTERN CAROLINA LAND, LUMBER AND MANUFACTURING COMPANY v. GEORGE H. FREY.

*Injunction—Description of Land—Exceptions in Deed.*

1. Where, in a patent to B. setting out the boundaries of a grant of land in the year 1795, there is an exception as follows: "Within which boundaries there hath been heretofore granted 22,633 acres," the exception is not void for uncertainty if it can be shown what land was included in the excepted grant.
2. Where it is found as a fact that defendant's land, claimed under a patent to R., issued in 1716, is within the outer boundaries of the patent to B., under which plaintiff claims, and that plaintiff has never been in possession of any part of defendant's land, but has occupied certain portions of the land covered by the B. patent: *Held*, that the plaintiff's possession is constructive only up to the boundaries of the R. patent.

PROCEEDINGS for injunction, removed from Hertford and heard before *Hoke, J.,* at Fall Term, 1892, of DARE Superior Court.

The Court found the facts and rendered judgment as follows:

1. That plaintiffs are the owners of the lands known as the John Gray Blount patent, dated September 7th, 1795,

in which said patent appears the following exceptions: "Within which bounds there hath been heretofore granted 22,633 acres, and is now surveyed to be granted to Mr. George Pollock 9,600 acres, which begins at Samuel Jackson's north-east corner of 2,000 acre grant on Mill Tail Creek, and runs south and east for complement, as by the plat hereunto annexed doth appear, together with all woods, waters, mines, hereditaments and appurtenances to the said land belonging or appertaining." And such exceptions also appear in all the deeds by which plaintiffs claim and hold the lands included in said patent.

2. That defendants introduced and claim under a patent to William Rayfield, bearing date October 19th, 1716, which said land is in the outer boundaries of the Blount patent, and shows a line of deeds, beginning by deed of Evan Jones to Joseph Alexander, bearing date December 15th, 1766, and from said Alexander to defendants. The deed from Evan Jones to Joseph Alexander recites that he conveys the Rayfield patent lands to Joseph Alexander, but there is no deed from Rayfield to Jones exhibited.

3. That plaintiffs have occupied and possessed certain portions of the lands covered by the John Grey Blount patent continuously since 1873, but have had no possession or occupation of the lands covered by the Rayfield patent.

4. That in the last month, to-wit, about 17th of October, 1892, defendants, under their claims, have entered upon and cut timber on the Rayfield patent, and not elsewhere, and do not intend to cut or trespass on lands not included in the Rayfield patent, or not included in other patents older than the John Grey Blount patent, and of which plaintiffs have not had possession.

5. The Court finds as conclusion of law that the plaintiffs have shown no title real or apparent to the lands of the Rayfield patent, or other patents in the outer boundaries

of the Blount patent which antedate said Blount patent, and it is therefore adjudged that the restraining order heretofore issued be and the same is hereby dissolved as to said lands included in the Rayfield patent, and other patents included in the outer boundaries of the John Grey Blount patent, and which antedate said Blount patent, and as to the lands included in said Blount patent, and not included in said older patents, the restraining order is continued to the hearing of the cause. ·

From this judgment plaintiff appealed.

*Messrs. Busbee & Busbee,* for plaintiff (appellant).
*Messrs. Grandy & Aydlett,* for defendant.

CLARK, J.: We concur with the Court below that " the plaintiff has shown no title, real or apparent, to the land covered by the Rayfield patent, which antedated the Blount patent." The plaintiff claims under a patent issued to John Grey Blount in 1795, which contains this exception : " Within which bounds there hath been heretofore granted 22,360 acres." The same exception appears in all the deeds which make up the plaintiff's chain of title.

The defendants claim under a patent for 480 acres issued to one Rayfield in 1716. It is found as a fact that the Rayfield land is within the outer boundaries of the Blount patent, and that the plaintiff has never been in possession of any part of the Rayfield land, though it has been in possession since 1873 of certain portions of the land covered by the Blount patent.

The possession by the plaintiff of any land embraced in its deed was constructive possession up to the boundaries thereof. But this deed had inside as well as outside boundaries. It expressly excepted and did not convey land within the outside boundaries which had already been

granted when the Blount patent issued. The Rayfield patent had been granted previously, and, though not expressly named in the Blount patent, *id certum est, quod certum reddi potest.* This case differs from *Waugh* v. *Richardson,* 30 N. C., 470, where an exception simply " of 5,000 acres " was held void for uncertainty. In *McCormick* v. *Monroe,* 46 N. C., 13, an exception like the present of " 250 acres previously granted " failed, because such prior grant was not offered in evidence. But it was held it would have been good if such grant had been produced *Melton* v. *Monday,* 64 N. C., 295. Here, the prior grant to Rayfield was in evidence. Nor is it material that there is a link broken in the defendant's chain of title. The plaintiff has failed to show either possession of or any title or color of title to the *locus in quo.* It has no right to ask that the defendants be restrained from cutting timber thereon.

Nor can we give any weight to the suggestion that it will be difficult now to locate the lines of the Rayfield patent. It is found that the defendants have not cut and do not intend to cut or trespass on lands outside of said patent. The restraining order was sought to prevent cutting on the Rayfield land, and was dissolved so as to permit the defendants to cut thereon. If they cut over the line, they will do so at their peril, of course. No Error.