H. M. HEMPHILL, et al. v. G. M. ANNIS.

*Action of Trespass Quare Clausum Fregit—Deed—*
*Description, Vague and Indefinite—Parol Evidence.*

1. Every deed of conveyance must set forth a subject matter, either certain in itself or capable of being reduced to a certainty by reference to something extrinsic to which the deed refers.

2. Where reference is made in one deed to another for more definite description, the effect is to incorporate into the deed the description in the instrument referred to, provided the language used points so clearly to the explanatory deed or instrument as to make it possible to identify it, but when such is not the case parol testimony is not admissible to show what land the parties intended to be included in the deed.

3. Where plaintiff claiming under M., in deraigning his title, offered in evidence a deed from W. to M. containing a description as follows: "A certain quantity of land containing 350 acres, being in six different deeds, the courses and distances referred to the original grants, which are six, lying on" a certain stream in B. county and, to identify the land intended to be conveyed, introduced a grant to W. for fifty acres and proposed to prove by parol that the tract described therein was one of six tracts claimed by W. when he executed the deed to M., and that it was one of the six tracts actually conveyed by the deed of W. to M.; *Held,* that the reference for more accurate description to six deeds or grants did not warrant the identification of the boundaries of such grants by parol evidence of a verbal claim set up by W. at the date of the deed to M., or by showing by parol entirely that the subject matter of the conveyance was intended to be six tracts, one of which was that described in the grant to W.

4. Chapter 465, Acts of 1891, does not act retrospectively, but if it did the word "description" used therein imports such a description as can be aided by parol proof.

CIVIL ACTION, tried before *Brown, J.,* at May Special Term, 1896, of McDowell Superior Court. There was a

HEMPHILL v. ANNIS.

verdict for the defendants, and plaintiffs appealed from the judgment thereon, assigning as error the exclusion of the parol evidence offered to identify the land alleged to be conveyed by the deed upon which they relied. The excluded evidence is sufficiently referred to in the opinion of Associate Justice AVERY.

*Mr. J. L. C. Bird*, for plaintiffs (appellants).
*Mr. E. J. Justice*, for defendant.

AVERY, J. : It is elementary learning that no contract can be enforced unless the subject matter upon which it is intended by the parties to operate can first be definitely ascertained from its terms, either through an explicit description therein or a reference which points to extrinsic means of identification.

This principle applies to verbal agreements as well as to those required by the statute (*Code*, Sections 1552 to 1555) to be in writing. Hence, where a statute is passed by the Legislature making it essential to the validity of contracts conveying any interest in land that they should be in writing, the courts can no more dispense with such identification of the subject matter of the deed by description which, either through its own definiteness or by reference to something *aliunde*, can be fitted with reasonable certainty to it, than they can hold the party to be charged therewith bound where neither he nor his lawfully authorized agent for him signs such agreement.

In the application of the maxim *id certum est quod certum reddi potest* it has always been held in construing contracts for the sale of chattels that the agreement must provide the means of making certain what is intended to be sold. *Lumber Co. v. Wilcox*, 105 N. C., 34. In the application of this maxim Judge GASTON formulated the rule (in *Massey* v. *Belisle*, 2 Ired., 170) that " every deed

of conveyance must set forth a subject matter either certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which the deed refers." The rule has been repeatedly approved, notably by Chief Justices PEARSON and SMITH in the cases of *McCormick* v. *Monroe,* 1 Jones, 13, and *Harrison* v. *Hahn,* 95 N. C., 28. But in later years disagreements have from time to time grown out of differences of opinion as to whether the particular words employed in a given instrument pointed to extrinsic proof in such a way as to make it admissible in explanation of an ambiguity. In *Perry* v. *Scott,* 109 N. C., 374, the Court overruled *Wilson* v. *Johnson,* 105 N. C., 211, but approved *Blow* v. *Vaughan,* Ibid., 198, except in so far as the principle enunciated was applied *arguendo* to the particular description then under consideration.

It has been well settled by a series of adjudications that where a reference is made in one deed to another for a more definite description the effect is to incorporate the description in the instrument referred ·to into that containing the reference, provided the language used points so clearly to the explanatory deed or instrument as to make it possible to identify it. But a conveyance of six tracts of land lying on a specified stream and theretofore granted to A. B. (if in fact patents to a dozen tracts situated on it had been issued to A. B.) no more identifies the subject matter of the conveyance than does the conveyance of six buggies out of a much larger number without giving the means of distinguishing those intended to be sold from the others.

The defendant claims under grant and deed, both of which it is admitted enclose the land in dispute. The plaintiff offered in evidence a deed of conveyance from James Woods to Margaret Mason, containing the follow-

ing description : " A certain quantity of land, containing three hundred and fifty acres, being in six different deeds, the courses and distances referred to the original grants, which are six, lying on Thompson's Fork of Muddy Creek and Bush Branch in the County of Burke aforesaid." This description was embodied in subsequent conveyances. In order to identify the land intended to be conveyed the plaintiff introduced in evidence a grant to James Wood, issued in the year 1814, for fifty acres. Without offering any other grant the plaintiff proposed to prove by parol that the tract described in said grant was one of six tracts claimed by James Woods, when he executed the deed to Margaret Mason in 1831. The plaintiff also offered to show by parol that this was one of six tracts conveyed by the deed of 1831. The court sustained the objection of defendant to both propositions. Whether it would have been competent for the plaintiff to have offered six grants and proven that they were located on the streams mentioned in the deed to Margaret Mason, without more specific designation of the deeds or grants referred to in the conveyance from Woods to Mason, we are not called upon to decide, though it is difficult to conceive how such identification could have been shown. But that is not the question presented by the appeal. The court below held that the reference for more accurate description to six deeds or grants did not warrant the identification of the boundaries of such grants by parol evidence of a verbal claim set up by Woods at the date of the conveyance or by showing by parol, entirely, that the subject matter of the conveyance was intended to be six tracts, one of which was that described in the grant offered. It would not be competent to select six out of one hundred buggies in a confused mass and attempt to prove that it was the purpose of the

HEMPHILL *v.* ANNIS.

parties to an agreement to designate particular buggies, if there were nothing in its terms that would furnish the means of distinguishing the six intended to be sold. So, where there is language relied upon as pointing to extrinsic evidence that will identify the subject matter, it does not follow that parol proof of the purpose of the parties becomes competent if in no way connected with or explanatory of the terms of the description. It does not appear from the descriptive words used in the deed to Mrs. Mason whether the deeds or grants referred to were executed to James Woods or another, or, if to James Woods, whether there were six or fifty patents issued to him which embraced tracts of land on the streams mentioned in the deeds offered in evidence. If it be competent to permit a single grant for fifty acres to be identified by showing by parol an intention on the part of the grantor to convey it, it would follow that in any case the subject matter of a conveyance or contract could be identified by parol proof of the purpose of the parties. The plaintiff's contention is not sustained by the line of cases wherein the question has arisen whether an exception in a patent of *all* land theretofore granted was sufficiently definite to admit parol proof to identify the land excepted, (*Mining Co.* v. *Frey*, 112 N. C., 158; *McCormick* v. *Monroe*, 1 Jones, 13,) because the reference to all that had been previously granted ( as Judge PEARSON says in *McCormick* v. *Monroe, supra* ) " points to the means by which the description in the exception may be made sufficiently certain to avoid the objection of vagueness by aid of the maxim, " *Id certum est quod certum reddi potest.*" Upon the same principle an exception of lands " heretofore entered " by certain persons, or a contract to convey or conveyance of the right of way to a railroad company, have been held sufficiently definite, because the subject matter is made

HEMPHILL *v.* ANNIS.

certain in the one case by a subsequent survey of the land and in the other by the location of the road-bed. *Melton* v. *Monday,* 64 N. C., 295 ; *Beattie* v. *Railroad,* 108 N. C., 425. The description in plaintiff's deed neither refers to any previous grant nor points out any particular grants or class of grants, and is therefore as indefinite as that passed upon in *Waugh* v. *Richardson,* 8 Ired., 470. If the plaintiff's deed had in any way distinguished the grants or deeds referred to for description from others it would have been competent, after identifying a single one of them, to show that it embraced within its boundaries the land in dispute. But to identify one of the grants, not by any intimation contained in the deed but by proving, as an independent fact, what was the subject matter in the minds of the parties, would be to make a description out of the whole cloth, and pass an interest in land not by a writing furnishing the means of identifying it but by verbal proof of what the parties intended. It was held in *Lowe* v. *Harris,* 112 N. C., 472, that the Act of 1891 ( Ch. 465 ) could not be construed to act retrospectively, if indeed the word " description " in the statute did not, *ex vi termini*, import such a description as is susceptible " of being aided by parol proof." There was no error in holding the parol testimony offered incompetent.

No Error.