## HARRIS v. WOODARD.

(Filed June 3, 1902.)

MORTGAGES—*Description—Sufficiency.*

> The description in a mortgage of "a certain piece or tract of land, grist mill and all fixtures thereunto, and one store-house, 28 by 100 feet long, lying and being in Brassfield Township, Granville County, North Carolina, and adjoining the lands of Anderson Breedlow, J. C. Usry and Dora Harris, said lot to contain three acres," there being 40 acres in the tract and nothing to segregate the three acres out of the 40 acres, is too indefinite to be a conveyance of any three acres and the mortgage was void as to the land.

ACTION by J. W. Harris and others against the Woodard & Goodridge Company, heard by Judge *Walter H. Neal* and a jury, at February Term, 1902, of the Superior Court of GRANVILLE County. From a judgment for the defendant, the plaintiff appealed.

*H. M. Shaw,* for the plaintiff.
*W. M. Person,* for the defendant.

CLARK, J.   The plaintiffs, holders of a second mortgage, seek to enjoin sale under a prior mortgage executed by the mortgagor to defendants, because the description in the latter is too vague and indefinite to pass title to the defendants. Said description is as follows:   "A certain piece or tract of land, grist mill and all fixtures thereunto, and one store-house, 28 by 100 feet long, lying and being in Brassfield township, Granville County, N. C., and adjoining the lands of Anderson Breedlove, J. C. Usry and Dora Harris, *said lot to contain three acres.*"   There are forty acres in the tract on which the store and grist mill are located.   There is nothing to segregate this three acres out of the forty, nothing to indicate a beginning, nor where or in what direction the lines are to be

run—nothing whatever beyond the inference—for it is not expressly stated that the grist mill and store-house are to be located somewhere upon the said three acres when laid off.

As was said by Gaston, J., in *Massey v. Belisle,* 24 N. C., 170, "every deed of conveyance must set forth a subject-matter, either certain in itself or capable of being reduced to a certainty by recurrence to something extrinsic to which the deed refers." Here there is no subject-matter which is either definite in itself or capable of being reduced to a certainty by recurrence to something to which the deed refers. No beginning point, nor directions, nor distances are given, and there is nothing which authorizes anyone to lay off the lines of any particular three acres out of the forty in the tract, which tract is bounded by the parties named. The reference to them renders the forty-acre tract certain, but is no aid in rendering it possible to select three acres out of said tract. This is not like the "twenty-nine acres to be cut off of the north end" of a tract which was bounded by straight, well-defined lines, and whose selection required merely a knowledge of surveying, as in *Stewart v. Salmonds,* 74 N. C., 518, nor a similar description in *Webb v. Cummings,* 127 N. C., 41.

The statute, Laws 1891, Chap. 465, applies only where there is a description which can be aided by parol, but not when, as in this case, there is no description. *Hemphill v. Annis,* 119 N. C., 514; *Lowe v. Harris,* 112 N. C., 472, 22 L. R. A., 379. In *Lowe v. Harris* there were the words "his land," which the minority of the Court insisted could be helped out by parol evidence, but here there is only an uncertain, indefinite, undefined and undefinable three acres out of a tract of forty, and the Court properly held that this was too indefinite to be a conveyance of any three acres, and the mortgage was, therefore, void as to the land.

No Error.