M. P. CATHEY et als. v. BUCHANAN LUMBER COMPANY.

(Filed 23 December, 1909.)

1. **Deeds and Conveyances—Description Indefinite.**

When the descriptive part of a deed is indefinite, so it does not define the lands to be conveyed, the established rules to ascertain the intent of the parties are not capable of application.

2. **Same—Indefinite Part of Definite Whole.**

A conveyance of a part of a tract of land must itself furnish the means by which the part can be located—*i. e.*, a subject matter either certain within itself, or capable of being made certain by recurrence to something extrinsic to which the deed refers.

3. **Same—Evidence Dehors.**

When, in a conveyance, the boundaries of an entire tract of land containing 724 acres are described with exactness, of which 327 acres were intended to be conveyed, but without any words indicative of their location in the larger tract, or by which they can be identified or set apart, the deed is void for indefiniteness of description and may not be aided by parol and extrinsic evidence as to the location of the land intended to be conveyed.

4. **Deeds and Conveyances—Description—Interpretation of Deeds—Habendum.**

From the descriptive words of this deed it appeared that the grantor intended to convey an undefined 327 acres from a definitely described tract of 724 acres, as will also appear by the *habendum;* "to have and to hold the aforesaid 327 acres, being a part of the aforesaid tract of land."

APPEAL from *Ward, J.,* August Term, 1909, of GRAHAM.

Civil action, to recover land and damages. These issues were submitted:

1. "Are the plaintiffs the owners in fee of the lands described in the complaint?" Answer: "Yes; one-third interest."

2. "Have the defendants cut and removed timber therefrom, as alleged?" Answer: "Yes."

3. "What damage has been done to said land by reason of cutting and removing said timber?" Answer: "$1,033.50."

The case was made to turn upon the construction of a deed

from A. W. Crisp and others to John M. King, dated 8 November, 1888, which is as follows:

"STATE OF NORTH CAROLINA—Graham County.

"This deed, made this 8 November, 1888, by Alfred W. Crisp and wife, Sarah J. Crisp, I. J. Sawyer and wife, M. J. Sawyer, and C. Randolph and wife, M. P. Randolph, of Graham County and State of North Carolina, to John M. King, of Graham County and State of North Carolina, witnesseth:

"That, in consideration of $324 to them paid by said John M. King, the receipt of which is hereby acknowledged, have bargained and sold, and by these presents does bargain, sell and convey to said John M. King, his heirs and assigns 324 acres of land, part of a certain tract of land composed of Nos. 3044, 3097 and 3098, in Graham County and State of North Carolina, adjoining the lands of Alexander Baring and others, beginning on a hickory, 4 poles S. of the N. W. corner of No. 3098, and runs S. 62 W. 22 poles to a black pine; thence N. 67 W. 66 poles to a Spanish oak on top of a ridge; thence S. 86 W. 80 poles to a chestnut on a former line; thence S. 70 poles to a Spanish oak on the line of 3097; thence S. 85 W. with the line of said No., 300 poles to a small crooked chestnut oak on a ridge; thence S. 85 W. 11 poles to a stake and pointers, corner of Joel C. Sawyer's thirteen-acre lot; thence S. 70 E. with the same 50 poles to a Spanish oak; thence S. 40 E. 44 poles to a black pine; thence S. 35 W. 70 poles to a small black pine on the line of No. 3044; thence S. 70 E. with said line 114 poles to a crooked chestnut, corner of said No. on the bank of said Panther Creek; thence up said creek as it meanders 200 poles to a birch, beginning corner of said Sawyer lot; thence N. 70 W. with said lot 180 poles to a hickory and chestnut on the line of No. 3044; thence S. 35 W. with the same 100 poles to the S. W. corner of said No.; thence S. 70 E. 200 poles to the S. E. corner of the same; thence N. 35 E. with said No., 162 poles to a chestnut oak on the line of said No.; thence S. 82 E. 198 poles to a black oak on the divide between said creek and Cook's corner of Cook's lot; thence N. 38 E. 50 poles to a chestnut, corner of said lot; thence N. 11 W. 18 poles to a black oak, corner of the same; thence N. 57 E. with said lot 193 poles to a small maple on the S. bank of said creek on the line of 3098; thence N. with said No., 71 poles to the beginning, containing 724 acres, more or less.

151—38

"To have and to hold the aforesaid 327 acres, being a part of the aforesaid tract of land, with all privileges and appurtenances thereto belonging to the said John M. King, his heirs and assigns, forever, to their only use and behoof.

"And the said Alfred W. Crisp and wife, Sarah J. Crisp, I. J. Sawyer and wife, M. J. Sawyer, C. Randolph and wife, M. P. Randolph, covenant that they are seized of said premises in fee and have the right to convey the same in fee simple; that the same are free from all encumbrances, and that they will warrant and defend the said title to the same against the claims of all persons whatsoever.

"In. testimony whereof, the said Alfred W. Crisp and wife, Sarah J. Crisp, I. J. Sawyer and wife, M. J. Sawyer, and C. Randolph and wife, M. P. Randolph, have hereunto set their hands and seals, the day and year above written."

From a judgment for plaintiffs the defendant appealed.

*Morphew & Phillips* for plaintiff.
*Bryson & Black* for defendants.

BROWN, J., after stating the case: The only controversy presented for our decision by the assignments of error arises upon the ruling of the court below, that the description of the land attempted to be conveyed by deed from C. Randolph *et als.* to John M. King, upon which the defendant relies to prove title, is insufficient and so indefinite as not to permit the introduction of parol evidence to locate the land.

We have considered with care the very full and well-prepared brief of the learned counsel for appellants, and are nevertheless of opinion that the deed is void for uncertainty in describing the property to be conveyed.

The object of a descriptive part of a deed is to define what the parties intend—the one to convey, the other to receive; and when that is doubtful, the settled rules of construction invoked by appellant and invented by courts to aid them in ascertaining the intent of the parties are resorted to. But the question presented here comes rather within the rules of evidence than of construction.

Parol evidence is never received for the purpose of varying or contradicting a deed, or to supply a description altogether wanting, or to complete one so vague and indefinite as to be wholly unintelligible. When the deed is not altogether void for uncertainty, but contains a defective description of real property, parol evidence is received to remove the ambiguity and to

identify the property, but it is never received to show the intention of the parties wholly outside and independent of the description contained in the instrument itself.

This is the substance of the many decisions in this State. The difficulty lies generally in applying the rule to the descriptive words of the conveying instrument.

The deed under which defendant claims does not purport to convey the whole of a described tract of land, but only a certain number of acres thereof, to-wit, "324 acres of land, part of a certain tract of land composed of Nos. 3044, 3097 and 3098, in Graham County." The boundaries of the entire tract, from which the 324 acres are to be taken, are set out with exactness, and the entire tract, as stated in the deed, contains 724 acres.

The deed furnishes no means by which the 324 acres can be identified and set apart, nor does the instrument refer to something extrinsic to it, by which those acres may be located.

It is self-evident that a certain part of a whole cannot be set apart unless the part can be in some way identified. Therefore, where a grantor undertakes to convey a part of a tract of land, his conveyance must itself furnish the means by which the part can be located; otherwise his deed is void, for it is elementary that every deed of conveyance must set forth a subject-matter, either certain within itself or capable of being made certain by recurrence to something extrinsic to which the deed refers.

This case is somewhat like *Grier v. Rhyne,* 69 N. C., 350, wherein *Judge Reade* said: "The difficulty in the defendant's way is that his contract of purchase of thirty or thirty-five acres, to be taken off the tract of seventy acres, without saying where it is to be taken off, is so vague and indefinite that he cannot enforce it specifically. It is uncertain in quantity, and to ascertain the boundary there is no reference to anything by which the quantity or place could be made certain." In the case before the Court the deed in question does not even state whose lands this particular 327 acres adjoins. The reference, "adjoining lands of Alexander Barring and others," refers to the 735-acre boundary and not to the part to be taken off.

In *Harrison v. Hahn,* 95 N. C., 28, *Chief Justice Smith* said: "The office of the descriptive words is to ascertain and to identify an object; and parol proof is heard, not to add to or enlarge their scope, but to fit the description to the thing described. When they are too vague to admit of this, the instrument in which they are contained becomes inoperative and void."

In *Harris v. Woodard,* 130 N. C., 580, the Court held that a deed which attempted to convey three acres, to be taken from a

forty-acre tract, without fixing the beginning point or boundary of the three acres, was too vague and indefinite to admit of parol evidence to support it. This deed referred to a storehouse and grist mill which was situated on the three acres.

Other cases in point are *Harrell v. Butler,* 92 N. C., 20; *Dickens v. Barnes,* 79 N. C., 490; *Murdock v. Anderson,* 57 N. C., 77; *Allen v. Chambers,* 39 N. C., 125; *Capps v. Holt,* 58 N. C., 153; *Roberson v. Lewis,* 64 N. C., 734. In the case of *Dickens v. Barnes, supra,* speaking of the vagueness of the description in the deed, the Court said: "These questions cannot be answered by facts *dehors* the deed established by parol proof, because it is a patent ambiguity, a question of law for the court, and not of fact for the jury." In *Dail v. Jones,* 85 N. C., 221, it was held that parol evidence that grantor put grantee in possession immediately upon the execution of the deed was inadmissible for the purpose of identifying the land conveyed, where the description contained in the deed was void for uncertainty.

The question as to whether the grantors in this deed under consideration intended to convey the whole boundary, containing 724 acres, is set at rest by reference, not alone to the descriptive words, but to the language of the *habendum,* "To have and to hold the aforesaid 327 acres, being a part of the aforesaid tract of land," etc.

Upon a review of the record, we find

No error.