B. F. BARTLETT v. ROANOKE RAILROAD AND LUMBER COMPANY.

(Filed 17 February, 1915. )

**Deeds and Conveyances—Description of Lands—Reservations from Deed— Void Descriptions—Parol Evidence.**

A conveyance of lands by definite and sufficiently given metes and bounds is not rendered void for uncertainty by excepting from the operation of the conveyance certain lands with description insufficient to admit of parol evidence of identification; for the lands sufficiently described will pass by the deed inclusive of the lands excepted under the insufficient description.

APPEAL by plaintiff from *Carter, J.,* at July Term, 1914, of CAMDEN.

Action of ejectment. The plaintiff claims under a deed from Justin B. Jacobs to Thomas Stanley made in 1832, the description in which is as follows:

"A certaine peice or parcel of undividede swamp land lying and being in the county of Camdene and State of North Carolina and bounded as follows:

"Beginning at a maple, then S. 45 degrees W. 60 chains; N. 45 degrees W. 10 chains; S. 18 degrees W. 19 chains; S. 44 degrees E. 10½ chains; E. 80 chains, from thence to the first station, to have and to hold 198 acres of the above bounded swamp land, the whole of which contains 398 acres, 100 acres of which Thomas Roberts owns next to Bear Head, and 100 acres, not divided, Wilson B. Webster owns. To have and to hold the said premises free and clear of all encumbrances to him the said Thomas Standley, his heirs and assigns, forever; and the said Justin B. Jacobs doth agree to warrant and defend the said premises free and clear from the claim or claims of every person."

These lands are swamp lands. The court, being of opinion that the land was not sufficiently described, directed a nonsuit, and the plaintiff appealed.

*Worth & Pugh and Ward & Thompson for plaintiff.*
*Aydlett & Simpson for defendant.*

CLARK, C. J. The plaintiff contends that the deed is good to convey the land therein described. The defendant relies on *Cathey v. Lumber Co.,* 151 N. C., 592, and cases therein cited, and *Higdon v. Allen,* 167 N. C., 455. But this case is very different from those cited.

In *Cathey v. Lumber Co., supra,* the recital was "324 acres" out of a larger tract of land. There was no reference to any description more definite, and the Court said: "The question whether the grantors in this deed intended to convey the whole boundary, containing 724 acres, is set at rest by reference not alone to the descriptive words, but to the language of the habendum, 'to have and to hold the aforesaid 324 acres, being a part of the aforesaid tract of land.'" To same purport, *Higdon v. Allen, supra.*

Giving this deed a reasonable construction, according to the intent of the parties as we gather it from the four corners, it means that Jacobs sold and conveyed "to Thomas Standley and his heirs the whole tract of land in question (the description of the entire boundary being given), except 100 acres which Thomas Roberts owns next to Bearhead and 100 acres not divided which Wilson B. Webster owns." The description of the entire tract is given and the entire tract is conveyed, with the exceptions set out. If those exceptions are not sufficiently definite, the entire tract went to Standley and his heirs. The "100 acres which Thomas Roberts owns next to Bearhead" evidently refers to that quantity of land which had theretofore been conveyed to said Roberts, and which could be made definite by reference to his deed.

The "100 acres not divided which Wilson B. Webster owns" also evidently refers to an undivided interest or right theretofore conveyed to Wilson B. Webster, to be set apart and allotted in the 298 acres which remained after the conveyance of the 100 acres to Roberts. If the conveyance of the "undivided 100 acres" to Wilson B. Webster is too indefinite to be valid, then that interest falls in. If it is conveyed validly, then Webster is tenant in common with the plaintiff. The plaintiff in that case has $^{198}/_{298}$ of the land and Webster has an undivided $^{100}/_{298}$ thereof.

In *Waugh v. Richardson,* 30 N. C., 472, it is said: "When the grant clearly identifies the thing granted it must pass all of it that is not properly and sufficiently excepted. The granting part of the deed is not avoided by a defect in the exception, but the exception itself becomes ineffectual thereby, and the grant remains in force."

In *McCormick v. Monroe,* 46 N. C., 14, it is said: "Where there is an exception in a grant the *onus* of the proof lies upon the party who would take advantage of that exception."

In this case the description of the tract conveyed is neither vague nor indefinite. If there is any vagueness and want of clearness, it is in the exceptions. The conveying clause governs, and the attempt in the *habendum* to except the Roberts and Wilson interests cannot defeat the conveyance. The failure to locate the tracts excepted in the *habendum* will invalidate only the exceptions and not the conveyance to Standley under which the plaintiff claims.

Reversed.