A. RAY KATZ, Trustee, v. JOSEPH B. DAUGHTREY.

(Filed 26 February, 1930.)

1. **Deeds and Conveyances D c—Description in deed in this case held too vague to admit parol evidence of identification and deed was void.**

   A deed which fails to describe with certainty the property sought to be conveyed, does not fix a beginning point or any of the boundaries, and contains no reference to anything extrinsic by reference to which the description could be made certain, is too vague and indefinite to admit of parol evidence of identification, and it being impossible to identify the land sought to be conveyed, the deed is inoperative, C. S., 992, not applying to such cases.

2. **Adverse Possession A h—Deed void for vagueness of description is not color of title.**

   A deed which is inoperative because the land intended to be conveyed is incapable of identification from the description therein, is inoperative as color of title.

APPEAL by plaintiff from *Moore, Special Judge,* at September Term, 1929, of NORTHAMPTON.

Civil action to quiet title and to remove cloud therefrom, converted into an action in ejectment upon the defendant's plea of ownership by adverse possession for seven years under color.

The plaintiff and the defendant claim title from a common source. The plaintiff's deed, dated 1 October, 1928, is for "All that fifty (50) acres of land, more or less, which is known as a part of the Dorsey S. Deloatch land, lying on and bounded by the west side of the county road leading from the township of Jackson to Creeksville, said road representing the eastern boundary of said property and bounded on the south," west and north by the lands of others, naming them, etc. The sufficiency of the description in this deed to cover the whole 50-acre tract is not questioned.

The defendant's deed, dated 23 August, 1915, and duly registered 22 December, 1915, describes the land in controversy as follows: "The parties of the first part have this day made this deed of gift of twenty-five (25) acres of land on the west side of the county road leading from Jackson to Creeksville." The defendant offered evidence tending to show adverse possession of the southern part, or southern half, of the 50-acre tract, described in plaintiff's deed, for seven years under this deed. It is admitted that at the time of its execution and delivery the common grantor owned only one tract of land on the west side of said road containing 50 acres.

The court held the defendant's deed to be good as color of title for the southern portion of the 50-acre tract, or the 25 acres in controversy, and directed a verdict accordingly. From this ruling the plaintiff appeals, assigning errors.

*Gay & Midyette for plaintiff.*
*E. R. Tyler and Burgwyn & Norfleet for defendant.*

STACY, C. J., after stating the case: The case turns on the question as to whether the defendant's deed, which is prior in date of execution and registration to that of the plaintiff's, is valid, either to pass title, or as color thereof.

That the deed is void for vagueness and uncertainty of description would seem to admit of no doubt. It fails to describe with certainty the property sought to be conveyed, and it contains no reference to anything extrinsic, which by recourse thereto is capable of making the description certain under the principle of *id certum est quod certum reddi potest. Cathey v. Lumber Co.,* 151 N. C., 592, 66 S. E., 580; *Harris v. Woodard,* 130 N. C., 580, 41 S. E., 790; *Hemphill v. Annis,* 119 N. C., 514, 26 S. E., 152; *Harrell v. Butler,* 92 N. C., 20; *Greer v. Rhyne,* 69 N. C., 350; *Murdock v. Anderson,* 57 N. C., 77; *Allen v. Chambers,* 39 N. C., 125; *Robeson v. Lewis,* 64 N. C., 734; *Edmundson v. Hooks,* 33 N. C., 372. See, also, *Gilbert v. Wright,* 195 N. C., 165, 141 S. E., 577; *Perry v. Scott,* 109 N. C., 374, 14 S. E., 294, and *Farmer v. Batts,* 83 N. C., 387.

The defendant's deed presumably attempts to convey twenty-five acres of a fifty-acre tract (though this may be doubted) without fixing the beginning point or any of the boundaries of the twenty-five acres. This is too vague and indefinite to admit of parol evidence to fit the description to the thing intended to be conveyed. *Harrison v. Hahn,* 95 N. C., 28. Section 992 of the Consolidated Statutes, which deals with indefinite descriptions, applies only to descriptions which are capable of being aided by parol, and not to those incapable of such assistance. *Bissette v. Strickland,* 191 N. C., 260, 131 S. E., 655; *Harris v. Woodard, supra.*

If the land intended to be conveyed cannot be identified from the description contained in the deed, it follows as a necessary corollary, that as the deed is, for this reason, inoperative, it is equally inoperative as color of title. If the land cannot be identified for one purpose, how can it be for another? *Campbell v. Miller,* 165 N. C., 51, 80 S. E., 974; *Barker v. R. R.,* 125 N. C., 596, 34 S. E., 701; *Dickens v. Barnes,* 79 N. C., 490; *Hinchey v. Nichols,* 72 N. C., 66; *Capps v. Holt,* 58 N. C., 153.

A deed which conveys no title, because the land intended to be conveyed thereby is incapable of identification from the description contained therein, would necessarily be inoperative as color of title. *Fincannon v. Sudderth,* 144 N. C., 587, 57 S. E., 337.

There was error in directing a verdict for the defendant.

New trial.