Ruffin, C. J.
 

 The plaintiff could get no decree on his bill, as at present framed, if it were admitted by a demurrer or in an answer ; for it contains no description of the land, of which he seeks the conveyance, from which the Court could decree an immediate conveyance of any land in particular, or could ascertain the land by ordering a survey. In the beginning of the bill it states the land to be “ a certain parcel of land lying in Person, to contain 200 acres.” It then sets out the defendant’s receipt for $240, as paid in part “ for a certain tract of land lying on Flat river, including Taylor Hicks’ Spring-house and lot adjoining the land of Lewis Daniel, Womack, and others.” The receipt is but little more specific than the “ 200 acres in Person Countyfor it mentions no quantity, nor how any land is to be laid off around the improvements of Hicks. Of course, there can be no decree, when the parties leave it altogether uncertain, what was the subject of their contract. It seems highly probable, that there never was, in truth, any final and precise con
 
 *129
 
 tract between the parties, for any particular piece or quantity of land. At all events, the plaintiff states none In the bill, in such terms as to obtain an effectual conveyance for any land, even if the deed were made in the very terms in which he asks it.
 

 But, besides the difficulty mentioned, there is that of the nature of the alleged contract: it being by parol and denied by the answer. If the receipt had sufficiently described the land and price, it would have authorized the relief. But of itself it amounts to nothing, and no contract can be made out from it, unless by the help of parol evidence; and the reception of that is forbidden by the statute of frauds,
 
 Rev. St.
 
 c. 50, s. 8. The defendant, if he had chosen that mode of defence, might have brought the cause to an end at once by a plea of the statute. But the defendant has thought it due to himself, to state his willingness and endeavor to deal fairly, and this he does by denying the contract, as set out in the bill, in the two most essential particulars : the one is in the price, being a difference of one-fifth between them; and the other is in the quantity of the land agreed for. The parties are, therefore, directly at issue as to the substance of their contract; and, as it is admitted to be in parol, there is no mode of ascertaining which is right, but by hearing the oral testimony of witnesses. That, the Legislature must have meant in such a case to exclude. If, indeed, a defendant submits to perform a parol contract charged in the bill, there is no difficulty in decreeing it; for the danger within the purview of the Act is excluded. Perhaps, it .may be the same, if the defendant admits the alleged contract in his answer, and neither by a plea nor the answer insists on the statute. But, if the defendant deny the agreement charged in the bill altogether, or deny it as charged, and set up a distinct and inconsistent agreement, it is impossible to move one step further without doing so in the teeth of the Act; which, as a rule of evidence, upon a point of fact disputed between the parties,
 
 *130
 
 must be as binding in this Court as in a Court of Law. It was so laid down in
 
 Whitaker
 
 v.
 
 Revis,
 
 2 Bro : C. C. 567, and seems so evident from the nature of the thing, that there can scarcely be need for authority on it. The propriety of that construction and_ the value of the statute, thus understood; could not be rendered more evident, than by the case before us; in which, although the proof preponderates very directly in favor of the defendant, there is the most direct conflict between numerous witnesses, both as to the land contracted for and its pric.e. We have read the proofs, as they are filed; but merely as a matter of curiosity; and the danger of hearing such evidence upon a question of . this kind and of inducing persons, thereby, to rely on it, could not be better exemplified than in this case.
 

 The alleged past performance could avail nothing, were the contract established in respect to the identical land and the price; as in this State it was finally settled, in
 
 Ellis
 
 v.
 
 Ellis,
 
 1 Dev. Eq. 180, 341, that doctrine did not prevail, and that even the payment of the whole purchase money and the delivery of possession to the vendee would not dispense with a writing, if the statute be insisted on, nor admit a parol proof of a contract, different from that stated in the answer. A vendor may in some cases practice a fraud xmder this rule;, but the opposite one would open a door to. numberless perjuries, alike, if not more, .productive of frauds on the other side
 

 Per Curium.
 

 The bill dismissed with costs.