Battle, J.,
 

 after stating the case as above set forth: This cause was brought on for hearing at the last June Term, and has been heard again at the present term. The main question, whether the contract being by parol, can, under the circumstances of fraud charged in the bill, be specifically executed in this Court, has been fully and ably debated by counsel on both sides. The question is a very important one, and it is a matter of regret that the state of the pleadings and proofs precludes us from considering and deciding it. But it is manifest that the bill cannot be
 
 *83
 
 sustained in its present shape. The contract set forth in it, so far as the land is concerned, is entirely too vague and uncertain. It is, that the intended husband was to secure the plaintiff by the deed of settlement
 
 “
 
 a plantation and permanent home for her life-” What plantation? Where situated? How many acres? 'What value? With regard to these important particulars, the contract is entirely silent; and yet it is one of the first principles of the doctrine of specific performance, that, the contract sought to be performed must be certain and clear in all its material terms. 1 Chit. Gen. Prac. 828; 2 Story’s Eq. Jurisprudence, sec. 751 and 764. It is true that the bill states that the husband, at the time of the marriage, lived on a certain plantation in the county of Granville, which he continued to own during his life, and of which he died seised, and prays that that particular plantation may be conveyed to her for life. But there is nothing in the pleadings to show
 
 that
 
 to have been the plantation which the parties had in contemplation ; and if we look into the proofs, instead of finding any thing to solve the difficulty, we find uncertainty rendered still more uncertain.
 

 The counsel who argued the cause in this Court, seeing the force of this objection endeavored to avoid it by abandoning that part of the contract which related to the land, and insisting upon the specific execution of it so far as it related to the slaves. This he contended he had a right to do upon the ground, that the plaintiff was not compelled to insist upon the performance of all that was stipulated in her favor, but might give up such part as she chose ; and he relied also upon the application of the maxim
 
 ulile per inutile non viliaiur.
 
 Yielding to the counsel that for which he contends, still an insurmountable obstacle ris presented by the proofs. The weight of the testimony taken by the plaintiff to establish die terms of the proposed marriage settlement is, that she was to have her property, and he to have his. That is certainly not the contract stated in the bill, and yet in equity, as well as at law, the proofs must correspond with the allegations, and a substantial variance is as fatal in the one as in the other.
 
 Foster
 
 v. Jones, 2 Dev. & Bat. Eq. 201. The counsel, to remove this objection, moved the Court for leave to amend the bill, by striking out that part of the statement of the contract which related to the
 
 *84
 
 land, and inserting, that the contract was, that the plaintiff’s slaves were to be settled upon her, and that she, in consideration thereof, was to relinquish all claim to any portion of his estate, in the event of her surviving him : And further to amend the prayer by striking out what regards the land and adding, that she submitted to execute a proper release of her claims to any part of her husband’s estate, either under the will or by way of dower or otherwise. The counsel moved further, that if he were not allowed to amend here, the cause might be remanded to the Court below, in order that he might apply for leave to amend there. The amendment proposed is manifestly one of substance, as it will change very materially the frame of the whole bill. The contract to be stated will be essentially different, claiming less for the plaintiff, and conceding something to the husband. Such being Ihe case, we cannot allow the amendment in this Court, as we have decided at this term in
 
 Williams
 
 v.
 
 Chalmers.
 
 To the reasons given in the opinions filed in that case, it may not be inappropriate for us to add, that if we yield to this application, (upon the ground urged by the counsel, that it is useless to send the case back, when it will be immediately returned to us,) another and another will be made, until the result will be that causes totally unprepared for a hearing will be removed to this Court, under the expectation that they can be amended in any manner and to any extent, after they get here. A jurisdiction, in effect original, will be thus imperceptibly usurped, which the Legislature has never confered upon it, and never intend to confer upon it.
 

 The reasons given for the order in
 
 Williams
 
 v.
 
 Chalmers
 
 are conclusive against the allowance of the alternative motion. There is a marked difference between the two cases. In
 
 Williams v. Chalmers,
 
 the title which the plaintiff had failed' to set out, was aided, as far as it could be, by the answers ; and all the proofs were taken upon the supposition that there was no defect in that particular. Here the contract which the plaintiff seeks to enforce is denied out and out. The defendants aid the plaintiff in notli-i ng — mislead her in nothing. She is informed ffom the beginning that every matter of law and every matter of fact which can be disputed, will be disputed. She cannot say that the defendants have lulled her into a false security, and claim the indulgence of
 
 *85
 
 the Court on that account. With a fair warning that the defendants would contest every debateable question, either of law or fact, she brings on her cause for hearing, and she must abide the usual result of failure.
 

 The uniform practice of the Court, which the nature of its jurisdiction rendered necessary, and which has been acted upon from its organization to the present term, with a solitary exception, and that exception opposed by the late very able Chief Justice, ought not to be departed from, unless under very peculiar circumstances, such as we have shown do not exist in this case.
 

 But it is urged that the only difference in effect, between remanding a cause upon the payment of all costs, with a view to an amendment in the Court below, and dismissing it without prejudice, is in the delay which the latter course may occasion, and-that, therefore, the Court ought rather to adopt the former, in order to expedite the cause.
 

 Without inquiring whether there may not be a more important-difference, either to one party or the other, with regard to the answer or the proofs, than that which has been assumed, we cannot be insensible to the advantage of having a settled rule, and to the necessity of adhering to it. Such rule may perhaps sometimes operate more or less harshly ; but the very fact that it has so long existed ¿s a rule, is strong evidence in its favor, that its general effect has been beneficial.
 

 The bill must be dismissed with costs, but without prejudice.
 

 Per Cúriam. Bill dismissed with costs.