MáNly, J.
 

 A specific execution of the alleged contract cannot be decreed. The receipt of the 21st of August, 1852, .is not sufficient as a note or memorandum in writing of the
 
 *155
 
 contract to fulfill the requirement of tbe statute, (Revised Code, ch. 50, sec. 11).
 

 , The land is described to be “ a tract of one hundred and fifty acres, lying on Watery branch, in Johnston county.”
 

 The position thus given, is not definite enough, and no decree for conveyance could be based upon it. From the frame of the receipt, it is not clear that it contains the whole, or was
 
 intended
 
 as a memorandum of the contract, and on that account, might not meet the demands of the statute. But whether it were so intended or not, is immaterial to our present enquiry. The writing, of itself, clearly is too vague and uncertain in the description of the land, bargained for, to warrant us in declaring where it is, by what termini included;; and decreeing a conveyance of it.
 

 It has been settled, specially in reference to contracts of this sort, that they do not form exceptions to the general rule, that written contracts cannot be varied, added to, or subtracted from, by parol evidence. The rule is of universal application, that apparent ambiguity or uncertainty in contracts, cannot be helped by parol; but if the instrument be in itself sufficient, and the ambiguity arise from
 
 proof,
 
 such ambiguity may be explained by proof.. This is, indeed, the distinction between patent and latent ambiguity ; the one is apparent upon the reading of the paper, as in our case; the other springs from evidence
 
 dehors;
 
 and parol evidence is inadmissible in the one case and admissible in the other;
 
 Allen
 
 v.
 
 Chambers,
 
 4 Ire. Eq. 125;
 
 Albea
 
 v.
 
 Griffin,
 
 2 Dev. and Bat. Eq. 9;
 
 Murdock
 
 v.
 
 Anderson,
 
 4 Jones’ Eq. 77.
 

 As we are not at liberty to resort to evidence outside of the paper to aid us, and the paper itself is insufficient, it follows, the plaintiff cannot have the relief of
 
 specificperformances.
 

 We collect, however, from the answer, an offer on the part of defendant to account with plaintiff fairly, and, therefore, having cognizance of the subject-matter of controversy, we take a jurisdiction under the prayer for general relief, to adjust the rights of the parties as the defendant offers to do; and it is accordingly referred to the clerk of this Court, to
 
 *156
 
 state an account between them, charging defendant with all the payments that have been made to him on account of the land, and crediting him with a reasonable rent for the same during the time that complainant occupied it, and also for the turpentine boxes.
 

 Per Cueiam, Decree accordingly.