MRS. O. F. GILBERT AND O. F. GILBERT, HER HUSBAND, v. S. G. WRIGHT.

(Filed 22 February, 1928.)

**Evidence—Parol Evidence—Admissibility to Explain Written Instrument— Patent and Latent Ambiguities—Statute of Frauds.**

> While parol evidence is not admissible to identify the lands to be conveyed in a written instrument of sale when the ambiguity or insufficiency of the instrument is patent, it is otherwise when the instrument itself is latently ambiguous in this respect, but may be explained by parol with certainty as to its identity within the understanding of the parties to the contract.

APPEAL by defendant from *Moore, Special Judge,* at October Special Term, 1927, of PASQUOTANK. Affirmed.

Action for specific performance. Mrs. R. W. Parsons owned a lot situated in Elizabeth City on Pennsylvania Avenue and Cypress Street, and the *feme* plaintiff owned an adjoining vacant lot. Some time before 1 January, 1925, Mrs. Parsons, Mrs. Gilbert, and the defendant entered into the following agreement:

"Agreement made between O. F. Gilbert, agent, for Mrs. R. N. Parsons and Dr. S. G. Wright of a sale of her home property on Pennsylvania Avenue and Cypress Street. O. F. Gilbert sells the property for Mrs. Parsons for five hundred dollars and other considerations; deed to

be forwarded draft attached to the First and Citizens National Bank for balance due. . Dr. Wright agrees to buy the vacant lot from Mrs. O. F. Gilbert during the month of January, 1925, for the sum of fifteen hundred dollars. Check for five hundred dollars is hereby acknowledged by O. F. Gilbert.

"O. F. GILBERT, Agent.
S. G. WRIGHT."

The defendant refused to comply with his contract with the *feme* plaintiff, and she brought suit to compel him to accept a conveyance of the lot and to pay the purchase price. At the close of the plaintiff's evidence the defendant moved for judgment of nonsuit; whereupon the parties agreed that if the motion was not granted the plaintiff should have judgment for the purchase price and for costs. The motion was refused and judgment was signed in accordance with the agreement. The defendant excepted and appealed.

*J. B. Leigh and McMullan & LeRoy for plaintiffs.*
*Aydlett & Simpson for defendant.*

ADAMS, J. The defendant has accepted from Mrs. Parsons a conveyance of the "home property on Pennsylvania Avenue," but has refused a deed for "the vacant lot" on the ground that the alleged contract with Mrs. Gilbert does not comply with the Statute of Frauds and cannot be enforced. C. S., 988. His specific objection is that the description of the property is insufficient; that the location of the lot is not given; that the owner is not designated, and that parol evidence is not admissible "to fit the description to the thing."

If the parties leave the subject of their contract in a state of absolute uncertainty the courts will not ordinarily decree specific performance; as, for example, where property is described as "a certain parcel of land in the county of Person, to contain by contract 200. acres," or as "a plantation and permanent home for life." *Allen v. Chambers,* 39 N. C., 125; *Mallory v. Mallory,* 45 N. C., 82. In such case parol evidence is not admissible in aid of the description. But the rule excluding parol evidence has its limitations. While the contract must contain a description of the land to be sold, it is not essential that the description be so minute or particular as to make resort to extrinsic evidence unnecessary. *Lewis v. Murray,* 177 N. C., 17. The line of separation is the distinction between a patent and a latent ambiguity. If the ambiguity is patent the instrument must speak for itself and evidence *dehors* is not admissible in explanation; but if it is latent, evidence *dehors* is both competent and necessary. The former raises a question of construction;

the latter a question of identity. *Institute v. Norwood,* 45 N. C., 65; *Capps v. Holt,* 58 N. C., 153; *Harrison v. Hahn,* 95 N. C., 28. Several cases illustrating the distinction and stating the principle upon which it rests are cited in *Farmer v. Batts,* 83 N. C., 387, and in *Blow v. Vaughan,* 105 N. C., 198, to which may be added a number of others more recently decided.

In *Carson v. Ray,* 52 N. C., 609, the premises which were the subject of the contract were described as "my house and lot in the town of Jefferson in Ashe County, North Carolina"; and it was held that the description was sufficiently certain to identify the property. After suggesting that such a description as "*a* house and lot" or "*one* house and lot" would be too indefinite and that the words "my house and lot" import particular property, the Court said: "Where the deed or will does not itself show that the grantor or devisor had more than one house and lot, it will not be presumed that he had more than one; so that there is no patent ambiguity; and if it be shown that he has more than one, it must be by extrinsic proof, and the case will then be one of a latent ambiguity, which may be explained by similar proof."

In *Murdock v. Anderson,* 57 N. C., 77, the property was described as "one house and lot in the town of Hillsborough," not "my house and lot," as quoted in *Blow v. Vaughan, supra;* and although this description is followed by the clause "purchased of me by him for the sum of three hundred and fifty dollars," there was no written instrument other than the receipt itself to show what property had been purchased. Upon these facts it was decided that there was no sufficient compliance with the Statute of Frauds. A similar controversy arose in *Phillips v. Hooker,* 62 N. C., 193, in which the Court was called upon to construe the words, "I do agree for Mrs. Hooker to make a deed for her house and lot north of Kinston, to the said John R. Phillips." It was objected that the contract could not be enforced because the note or memorandum was too vague and indefinite, but the Court made this comment: "In noticing this objection, we must bear in mind that a note or memorandum of a contract is, in its very essence, an informal and imperfect instrument. Its object is to furnish aid to the memory of a transaction and, though it must distinctly set forth all the material terms of the contract (*Mallory v. Mallory,* 45 N. C., 80), it will answer the purpose, if it do so in such words as will enable the court, without danger of mistake, to declare the meaning of the parties. An agreement by a person having a fee-simple interest in land to make a deed for it, is universally understood (in the absence of anything to show the contrary) to mean a deed to convey the fee. So as to the location of the property, when it is said in common parlance that a house and lot is north of a particular town, it would always be understood as being

situated somewhere in the vicinity of the north part of the town. At all events, when the house and lot are spoken of as her house and lot, and the defendant admits that she had but one in the county, there can be no difficulty about the identification. Under such circumstances the description becomes specific and certain, just as a legacy of 'my twenty-five shares of bank stock,' the testator having just that number of shares, would be specific, while a bequest of twenty-five shares, without the addition of the word 'my' would be a general legacy. *Davis v. Cain,* 36 N. C., 304. In this respect the present case differs materially from those of *Allen v. Chambers,* 39 N. C., 125; *Plummer v. Owens,* 45 N. C., 254; *Murdock v. Anderson,* 57 N. C., 77, and *Capps v. Holt,* 58 N. C., 153, referred to by the defendant's counsel."

Applying these principles, we conclude that the ambiguity complained of is latent, and that the identification of the vacant lot may be aided by evidence aliunde. While the phrase "the vacant lot" would not of itself be sufficient, according to the plaintiff's evidence which on the motion for nonsuit must be accepted as true, both the title and the location are sufficiently certain. That is sufficiently certain which can be made certain. This maxim sets forth a rule of logic as well as of law, and is peculiarly applicable in the construction of written instruments. Broom's Legal Maxims, 599. Manifestly Mrs. Gilbert has the title: "Dr. Wright agrees to buy the vacant lot from Mrs. O. F. Gilbert." In substance the lot is designated as her property. It is the "only lot she has anywhere." It adjoins the one which the defendant purchased from Mrs. Parsons. This fact the defendant knew when the contract was executed: each line had been pointed out to him, and the practical effect of his purchase from Mrs. Gilbert will be to extend the boundaries of the Parsons lot. The contract must be construed in its entirety, not the last paragraph alone; and in view of this principle and the attendant circumstances the expression "the vacant lot" implies proximity to the lot described in the second paragraph of the memorandum. The controlling principle is set forth in *Norton v. Smith,* 179 N. C., 553: "The most specific and precise description of the property intended requires some proof to complete its identification. A more general description requires more. When all the circumstances of possession, ownership, and situation of the parties, and of their relation to each other and the property, as they were when the negotiation took place and the writing was made, are disclosed, if the meaning and application of the writing, read in the light of those circumstances, are certain and plain, the parties will be bound by it as a sufficient written contract or memorandum of their agreement." The judgment is

Affirmed.