ZACHARY, Judge.
 

 *46
 
 Appellants Vicque and Christalyn Thompson ("the Thompsons") appeal from an order of the trial court that allowed the substitute trustee appointed by appellee USAA Federal Savings Bank ("the Bank") to foreclose on a loan secured by property owned by the Thompsons. On appeal, the Thompsons argue that the trial court erred by failing to vacate an earlier order of the Clerk of Superior Court of Onslow County allowing foreclosure and by entering the order permitting the foreclosure sale to proceed. The Thompsons contend that "the trustee did not hold legal title to the property owned by [the Thompsons] by virtue of the faulty description in the deed of trust" and that, as a result, the substitute trustee was "not entitled to foreclose under the instrument." For
 
 *47
 
 the reasons discussed below, we conclude that the trial court did not err and that its order should be affirmed.
 

 I. Background
 

 The relevant facts of this case are largely undisputed and may be summarized as follows: On 28 September 2007, the Thompsons acquired property located at 303 Old Pine Court, Richlands, North Carolina ("the property"). In order to purchase the property, the Thompsons borrowed $205,850.00 from the Bank and secured the loan with a Deed of Trust on the property. The Thompsons later defaulted on the loan by failing to make the payment to the Bank that was due on 1 September 2013, or to make any payments thereafter. A letter informing the Thompsons of the default was mailed on 2 February 2014, and a pre-foreclosure notice was mailed to the Thompsons on 2 September 2014. On 23 July 2015, Trustee Services of Carolina, LLC was appointed as substitute trustee for the property. The Bank instructed the substitute trustee to institute foreclosure proceedings.
 

 On 29 July 2015, the substitute trustee filed a notice of a foreclosure hearing to be conducted on 15 September 2015. The foreclosure hearing was continued until 17 November 2015, at which time the Clerk of Superior Court for Onslow County conducted a hearing and entered an order allowing the foreclosure to proceed. The Thompsons appealed the Clerk's order to the Superior Court of Onslow County for a
 
 de novo
 
 hearing. The trial court conducted a hearing on 15 February 2016. On 8 April 2016, the court entered an order allowing the foreclosure to proceed. The Thompsons entered timely notice of appeal to this Court from the trial court's order.
 

 II. Standard of Review
 

 "The applicable standard of review on appeal where, as here, the trial court sits without a jury, is whether competent evidence exists to support the trial court's findings of fact and whether the conclusions reached were proper in light of the findings."
 
 In re Foreclosure of Adams,
 

 204 N.C.App. 318
 
 , 320,
 
 693 S.E.2d 705
 
 , 708 (2010) (quotations and citations omitted). "Conclusions of law drawn by the trial court from its findings of fact are reviewable
 
 de novo
 
 on appeal."
 
 In re Foreclosure of Bass
 
 ,
 
 366 N.C. 464
 
 , 467,
 
 738 S.E.2d 173
 
 , 175 (2013) (citation omitted).
 

 III. Right to Foreclose: General Principles
 

 The general principles by which foreclosure must be conducted are well established. "Foreclosure by power-of-sale proceedings conducted pursuant to
 
 N.C. Gen. Stat. § 45-21.16
 
 are limited in scope. A
 
 *48
 
 power-of-sale provision contained in a deed of trust vests the trustee with the 'power to sell the real property mortgaged without any order of court in the event of a default.' "
 
 In re Foreclosure of Collins
 
 , --- N.C.App. ----, ----,
 
 797 S.E.2d 28
 
 , 31 (2017) (quoting
 
 In re Foreclosure of
 

 Michael Weinman Associates,
 

 333 N.C. 221
 
 , 227,
 
 424 S.E.2d 385
 
 , 388 (1993) ).
 
 N.C. Gen. Stat. § 45-21.16
 
 (a) (2015) requires that in order to initiate a foreclosure proceeding, the mortgagee or trustee must file a notice of hearing with the clerk of court and serve notice of the hearing upon the appropriate parties. The Thompsons do not dispute that they were properly served with notice of the hearing. Thereafter, a hearing "shall be held before the clerk of court in the county where the land, or any portion thereof, is situated."
 
 N.C. Gen. Stat. § 45-21.16
 
 (d) (2015). At the hearing, the lender "bears the
 
 *661
 
 burden of proving that there was a valid debt, default, the right to foreclose under power of sale, and notice."
 
 In re Foreclosure of Brown
 
 ,
 
 156 N.C.App. 477
 
 , 489,
 
 577 S.E.2d 398
 
 , 406 (2003).
 
 N.C. Gen. Stat. § 45-21.16
 
 (d) provides in relevant part that:
 

 If the clerk finds the existence of (i) valid debt of which the party seeking to foreclose is the holder, (ii) default, (iii) right to foreclose under the instrument, [and] (iv) notice to those entitled to such under subsection (b), ... then the clerk shall authorize the mortgagee or trustee to proceed under the instrument, and the mortgagee or trustee can give notice of and conduct a sale pursuant to the provisions of this Article....
 

 IV. Discussion
 

 In this case, the Thompsons' only challenge to the order allowing foreclosure is their contention that the evidence fails to show that the Bank has the right to foreclose on the property. The Thompsons assert that as a result of an error contained in the Deed of Trust's description of the property, the Bank "never received legal title" to the property and therefore has no right to foreclose on the loan secured by the Deed of Trust. Upon careful review of the relevant jurisprudence, in light of the facts of this case, we conclude that the Thompsons' argument lacks merit.
 

 Resolution of this appeal requires an examination of the contents of the General Warranty Deed and the Deed of Trust. Both the General Warranty Deed and the Deed of Trust (1) identify the location of the property as 303 Old Pine Ct., Richlands, N.C., (2) identify the property as being Lot 46 as shown on a plat recorded in Map Book 51, Page 149, Slide 1485 of the Onslow County Registry, and (3) identify the property as
 
 *49
 
 having Onslow County Tax Parcel ID Number 46B-153. The Thompsons' appellate argument is based upon a single error in the Deed of Trust, evidenced in the following discrepancy between the documents:
 

 1. The General Warranty Deed describes the property as "all of Lot 46 as shown on a plat entitled 'Final Plat Walnut Hills, Section
 
 III-C'
 
 , prepared by Parker & Associates, Inc., dated August 3, 2006 and recorded in Map Book 51, Page 149, Slide L-1485, Onslow County Registry."
 

 2. The Deed of Trust describes the property as "all of Lot 46, as shown on a plat entitled 'Final Plat Walnut Hills, Section
 
 II-C
 
 ' prepared by Parker & Associates, Inc., dated August 3, 2006 and recorded in Map Book 51, Page 149, Slide L-1485, Onslow County Registry."
 

 (Emphasis added). The sole difference between these documents is that the Deed of Trust describes the property as being located in "Section II-C" of the Walnut Hills subdivision, and the General Warranty Deed identifies the property as being located in "Section III-C" of the Walnut Hills subdivision. The parties agree that the Walnut Hills subdivision did not include a "Section II-C" and that the reference in the Deed of Trust to "Section II-C" was incorrect and referred to a location that does not exist. The Thompsons contend that this error renders the Deed of Trust void as a matter of law. The Bank, however, argues that the Deed of Trust's reference to "Section II-C" is a minor error that creates only a latent ambiguity as to the description of the property, which may be rectified by examination of extrinsic documents referenced in the Deed of Trust. We agree with the Bank's analysis.
 

 Neither the transfer of property from a buyer to a seller, nor the execution of documents securing a loan used to purchase real estate is a modern phenomenon or an unusual occurrence. Property has changed hands throughout North Carolina's history and there have been many occasions in which a party has challenged the validity of a document evidencing a property transaction on the grounds that the document contained an error or failed to identify the property with sufficient certainty. Our courts have had numerous opportunities during the last 150 years to consider the effect of an error or misnomer in a deed, promissory note, or other real estate-related document. As a result, the law governing the issue of errors or uncertainty in such documents has been firmly established for more than a century.
 

 *662
 

 N.C. Gen. Stat. § 22-2
 
 (2015), known as the statute of frauds, requires that all contracts to convey land "shall be void unless said contract, or
 
 *50
 
 some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, or by some other person by him thereto lawfully authorized." The Supreme Court of North Carolina has held that "[a] valid contract to convey land, therefore, must contain expressly or by necessary implication all the essential features of an agreement to sell, one of which is a description of the land, certain in itself or capable of being rendered certain by reference to an extrinsic source designated therein."
 
 Kidd v. Early
 
 ,
 
 289 N.C. 343
 
 , 353,
 
 222 S.E.2d 392
 
 , 400 (1976). The general rule regarding the validity of the description of property in a deed or related document is as follows:
 

 The decisions in this State are in very general recognition of the principle that a deed conveying real estate or a contract concerning it, within the meaning of the statute of frauds, must contain a description of the land, the subject-matter of the contract, "either certain in itself or capable of being reduced to certainty by reference to something extrinsic to which the contract refers."
 

 Patton v. Sluder
 
 ,
 
 167 N.C. 500
 
 , 502,
 
 83 S.E. 818
 
 , 819 (1914) (quoting
 
 Massey v. Belisle
 
 ,
 
 24 N.C. 170
 
 , 177 (1841) ).
 
 [1]
 

 "It is presumed that the grantor in a deed of conveyance intended to convey something, and the deed will be upheld unless the description is so vague or contradictory that it cannot be ascertained what thing in particular is meant."
 
 Duckett v. Lyda
 
 ,
 
 223 N.C. 356
 
 , 358,
 
 26 S.E.2d 918
 
 , 919 (1943) (citations omitted). Thus, "[w]hile the contract must contain a description of the land to be sold, it is not essential that the description be so minute or particular as to make resort to extrinsic evidence unnecessary. The line of separation is the distinction between a patent and a latent ambiguity."
 
 Gilbert v. Wright
 
 ,
 
 195 N.C. 165
 
 , 166,
 
 141 S.E. 577
 
 , 578 (1928) (citing
 
 Lewis v. Murray
 
 ,
 
 177 N.C. 17
 
 ,
 
 97 S.E. 750
 
 (1919) ). "Whether a description is patently ambiguous is a question of law."
 
 Kidd
 
 ,
 
 289 N.C. at 353
 
 ,
 
 222 S.E.2d at 400
 
 (citation omitted).
 

 Although a description of real property must adequately identify the subject property, the law will support a deed if possible. "When a description leaves the land 'in a state of absolute uncertainty, and refers to nothing extrinsic by which it might be identified with certainty,' it is patently ambiguous and parol evidence is not admissible to aid the description. The deed or contract is void."
 

 *51
 

 Kidd
 
 ,
 
 289 N.C. at 353
 
 ,
 
 222 S.E.2d at 400
 
 (quoting
 
 Lane v. Coe
 
 ,
 
 262 N.C. 8
 
 , 13,
 
 136 S.E.2d 269
 
 , 273 (1964) ). " 'A description is ... latently ambiguous if it is insufficient in itself to identify the property but refers to something extrinsic by which identification might possibly be made.' Thus, a description missing or uncertain in one document may be rendered certain by another and together the documents may satisfy the statute of frauds."
 
 River Birch Associates v. City of Raleigh,
 

 326 N.C. 100
 
 , 123,
 
 388 S.E.2d 538
 
 , 551 (1990) (quoting
 
 Lane
 
 ,
 
 262 N.C. at 13
 
 ,
 
 136 S.E.2d at 273
 
 (other citation omitted)). In sum:
 

 It is a general rule, that if the description be so vague or contradictory, that it cannot be told what thing in particular is meant; the deed is void. But it is also a general rule, that the deed shall be supported, if possible; and if by any means different descriptions can be reconciled, they shall be, or if they be irreconcilable, yet if one of them sufficiently points out the thing, so as to render it certain that it was the one intended, a false or mistaken reference to another particular shall not overrule that which is already rendered certain.
 

 Proctor v. Pool
 
 ,
 
 15 N.C. 370
 
 , 373 (1833).
 

 We have reviewed our appellate jurisprudence addressing challenges to the validity of the identification of property described in documents such as a deed, deed of trust, or contract for the sale of property, and observe that our Courts have generally affirmed the validity of such documents when it is possible to ascertain the identity of the subject property. For example, in
 
 Carson v. Ray
 
 ,
 
 52 N.C. 609
 
 , 609 (1860), our Supreme Court upheld as valid a deed in which the grantor agreed to
 
 *663
 
 transfer "[m]y house and lot in the town of Jefferson, in Ashe County, North Carolina." The Court noted that "there was no evidence that [the grantor] owned any other house and lot" in Jefferson, and that the deed presented only a latent ambiguity. Similarly, in
 
 Gilbert v. Wright
 
 ,
 
 supra
 
 , our Supreme Court upheld an order of the lower court ordering specific performance of a contract to sell "the vacant lot" on the grounds that the other documents and the factual circumstances associated with the transaction clearly identified a specific vacant lot.
 

 Where a document that constitutes part of the transfer of property, such as a deed or deed of trust, describes the property in a manner that is uncertain or contains an error, our appellate courts generally have upheld the decision of a trial court to admit extrinsic evidence derived from sources referred to in the challenged document, in order
 
 *52
 
 to establish with greater certainty the identity of the subject property. Thus, in
 
 Taylor v. Bailey
 
 ,
 
 34 N.C.App. 290
 
 ,
 
 237 S.E.2d 918
 
 (1977), this Court upheld an order by the trial court granting specific performance of a contract for the sale of property. The contract erroneously described the property as being located in Buncombe County, rather than giving its correct location in Henderson County. We held that this discrepancy created only a latent ambiguity:
 

 Defendant argues that the description before us for construction is clearly patently ambiguous. We cannot agree. True, there is no metes and bounds description. However, the description gives the acreage and refers to a deed of trust, naming the parties and the date thereof, in which the land is described with particularity. This is adequate to satisfy the "something extrinsic by which identification might possibly be made." Further, the complaint locates the property in Henderson County.
 

 Taylor
 
 ,
 
 34 N.C.App. at 292
 
 ,
 
 237 S.E.2d at 919
 
 (quoting
 
 Lane
 
 at 13,
 
 136 S.E.2d at
 
 273 ). In
 
 River Birch, supra
 
 , our Supreme Court held that "[t]he trial court incorrectly excluded evidence of the preliminary plat for the purpose of resolving a latent ambiguity in the identity of the common area referred to in the covenants."
 
 River Birch
 
 ,
 
 326 N.C. at 126
 
 ,
 
 388 S.E.2d at 553
 
 . And, in
 
 Tomika Invs., Inc. v. Macedonia True Vine Pent. Holiness Ch. of God, Inc
 
 .,
 
 136 N.C.App. 493
 
 ,
 
 524 S.E.2d 591
 
 (2000), the defendant claimed that the subject deed was void because of the misstatement of the name of one of the parties. This Court held that "there is only a latent ambiguity in the deed" that did not render the deed void.
 
 Tomika
 
 ,
 
 136 N.C.App. at 497
 
 ,
 
 524 S.E.2d at 594
 
 .
 

 Applying the principles discussed above to the present case, we conclude that the erroneous reference in the Deed of Trust to "Section II-C" instead of "Section III-C" is merely a scrivener's error and creates only a latent ambiguity in the description of the property. This uncertainty may be remedied by examination of the four corners of the Deed of Trust and documents referenced therein. The Deed of Trust identifies the property as Lot 46 of a subdivision depicted on a plat "prepared by Parker & Associates, Inc., dated August 3, 2006 and recorded in Map Book 51, Page 149, Slide L-1485, Onslow County Registry." This plat correctly identifies Lot 46 as being located in "Section III-C." In addition, the Deed of Trust identifies the property with a street address and tax parcel ID number, both of which correspond to the information in the General Warranty Deed and the plat. Upon examination of the information in the record, in the context of the long-established jurisprudence on this
 
 *53
 
 subject, we conclude that the erroneous reference to "Section II-C" in the Deed of Trust did not render the document void and that the trial court did not err by allowing the foreclosure to go forward.
 

 In their arguments seeking a contrary result, the Thompsons do not acknowledge that extrinsic evidence may be utilized to clarify a latent ambiguity and do not discuss the law on this issue or make any attempt to distinguish cases such as those cited above. Instead, the Thompsons cite cases that, although they may involve a deed of trust or the transfer of property, do not address in any respect the principles discussed in this opinion. We conclude that the Thompsons have failed to establish that the trial court erred or that they are entitled to relief on
 
 *664
 
 appeal. Accordingly, we conclude that the trial court's order should be
 

 AFFIRMED.
 

 Judges BRYANT and INMAN concur.
 

 [1]
 

 The Southeastern Reporter does not report cases decided prior to 1887.