J. G. JOHNSON ET ALS. V. BRANNING MANUFACTURING COMPANY.

(Filed 25 February, 1914.)

**Deeds and Conveyances—Descriptions—Parol Evidence—Trespass.**
    In an action for trespass upon land, the defendant denies the trespass upon plaintiff's land and alleges the acts complained of were done upon its own land which had been conveyed to another in its own title and reserved from the plaintiff's deed; to sustain this contention the defendant tendered in evidence a deed to "50 acres adjoining P. R., bounded on White Oak road and adjoining A. S. R. and P. S." *Held*, the description was sufficiently definite to permit of identification of the lands by parol evidence, the ambiguity being latent, for with the three boundaries given, the third could readily be established by running a line a sufficient distance from the road to include the 50 acres conveyed.

APPEAL by defendant from *Lane, J.,* at April Term, 1913, of
BERTIE.

*W. R. Johnson, Daniels & Swindell, and Murray Allen for
plaintiffs.*
*Winston & Matthews and Pruden & Pruden for defendant.*

CLARK, C. J. This is an action to recover damages for tres-
pass on the "White" tract of land, which the plaintiffs claim
title to under the will of Sallie E. Ward, described as "lying on
the White Oak road, and adjoining the lands of Patterson
Ruffin, A. S. Rascoe, and others, and containing 191 acres."

The defendant admits that Sallie E. Ward owned the "White"
land, but contends that it did not at her death include the whole
191 acres, because she had conveyed to W. A. Ward 50 acres
thereof, and in her devise of the "White land" to the plaintiffs
she had reserved the 50 acres, because the devise is "that portion
of the White tract of land which is *not sold and is not now
owned by me."* The defendant contends that the plaintiffs
should have shown what portion of the land Mrs. Ward had not
sold off, and that they have introduced no evidence on that
point.

The defendant in its answer denies the alleged trespass or
that it has cut any timber it did not own or has destroyed any
undergrowth or damaged the freehold.

The second and third exceptions are that the court refused to
allow the deed from Sallie E. Ward to W. A. Ward to be read
to the jury, and excluded all evidence offered to identify the
land described in it and tending to show that the 50 acres were
included in the 191 acres of the "White" tract claimed by
plaintiffs. This deed from Sallie E. Ward had been put in
evidence without objection; but when the defendant offered to
read it to the jury the court excluded it, holding that, as a mat-
ter of law, it was "void for lack of description," and that "the
deed did not describe any land." The description is "50 acres
adjoined by P. R., bound on the White Oak road and joining
A. S. Rascoe and P. Ruffin." The deed has apt words of con-
veyance and is sufficiently formal. It does not convey an indefi-

nite 50 acres "out of" the White land, but a tract of 50 acres, which was a part of the White land, "on the White Oak road" adjoining the lands of A. S. Rascoe and P. Ruffin.

We think his Honor erred in excluding parol testimony to identify this tract of land. It was a latent and not a patent ambiguity. It may be that the defendant could have shown that the boundaries had been actually run and marked. At any rate, it was not impossible to lay off 50 acres of the "White" tract, taking the White Oak road as one boundary. The other boundary in such case (unless it had been actually run and marked) would have been parallel to said White Oak road and far enough from it to make up the acreage of 50 acres. In *Farmer v. Batts*, 83 N. C., 387, there is an interesting discussion in which the cases are cited, where the words of description have been held too indefinite to admit parol testimony, and other cases in which the description has been held sufficient. We think this case falls in the latter class.

Among the later cases in point is *Hudson v. Morton*, 162 N. C., 6, in which the Court held that a description "being one acre of land adjoining L., in one corner of the field now turned out and lies near and including the spring, it being a portion of the H. tract conveyed by D. to M.," was held sufficiently definite to permit of parol testimony to fit the description to the deed. Among the cases cited therein is *Edwards v. Deans*, 125 N. C., 61, where a deed for "30 acres in the western part of a tract of 112 acres" was held sufficient to offer proof of a survey of said 30 acres, followed by possession. In *Perry v. Scott*, 109 N. C., 374, the language, "on the south side of Trent River, adjoining the lands of Colgrove, McDaniel, and others, containing 360 acres," was held not too vague and indefinite to permit identification by parol.

In *Stewart v. Salmonds*, 74 N. C., 518, *Pearson, C. J.*, says that the words "29 acres off the north end of a tract of land containing 129 acres, of an irregular figure, and bounded by eight lines, all straight, and with definite courses and distances, can be ascertained and cut off with mathematical precision. The question is, Can the 29 acres be identified by the rules of

mathematics so that the cutting off of the 29 acres will involve no discretion, but be a mere ministerial act? We think the 29 acres can be identified by a mere ministerial act." This case has been often cited and approved; see Anno. Ed.

In *Warren v. Makely*, 85 N. C., 12, the description is: "A parcel of land lying and being in Currituck Township, near the head of Smith Creek, being the easternmost portion of the farm I purchased of my brother, John E. Fortescue, known as the Russell land, containing 100 acres." This Court held that the court below properly refused to tell the jury, from a simple inspection of the deed, that the 100 acres could not be ascertained, and added: "If the larger tract be known, it is apparent the area of 100 acres can be cut off from its eastern part by a line running due north and south." To similar purport is *Webb v. Cummins*, 127 N. C., 41, and *Shaffer v. Hahn*, 111 N. C., at p. 11. Here the description, "50 acres on the White Oak road," is sufficient to admit of parol proof.

In *Cox v. Cox*, 91 N. C., 256, the Court held that the acreage is material in questions of doubtful boundary. Here the 50 acres is a part of the "White tract," and is on the White Oak road. That is to say, the land being a part of the "White" tract, and one boundary, "the White Oak road," being given, as well as the adjoining owners, P. R. Ruffin and A. S. Rascoe, parol testimony was admissible either to show an actual survey, if one had been made, and possession thereunder, as in *Edwards v. Dean, supra,* or the tract could be located, as we have said, by running a line parallel with the White Oak road so as to cut off 50 acres, as in *Stewart v. Salmonds* and *Warren v. Makely* and other cases, *supra.*

As these errors require a new trial, it is unnecessary to discuss the other exceptions.

Error.