## E. A. HIGDON v. ALDEN HOWELL ET AL.

(Filed 23 December, 1914.)

**Deeds and Conveyances—Indefiniteness of Description—Void Conveyances.**

A conveyance of land as an undivided half interest of a tract of land containing 200 acres, more or less, lying and being in a certain county on the waters of a certain creek, and covered by a certain State grant, is too indefinite of description to permit of parol evidence of identification, it appearing that the grant referred to was a 640-acre tract and that the land described in the conveyance was an indefinite part of this tract.

APPEAL by defendants from *Carter, J.,* at Spring Term, 1914, of JACKSON.

*Henry G. Robertson for plaintiff.*
*Coleman C. Cowan for defendants.*

CLARK, C. J. The plaintiff alleged that she is the owner of an undivided one-half interest in the tract of land described in the complaint; that the defendants wrongfully hold possession thereof, and have cut and removed valuable timber from said land. The defendants deny all the allegations of the complaint, alleging ownership in themselves. The plaintiff claims under Grant No. 737, issued in 1861, and the defendants under a prior Grant No. 504, issued in 1857, upon an entry in 1853, this last containing 640 acres, and it is alleged that the 200-acre tract claimed by the plaintiff lies within the 640-acre grant, under which the defendants claim. The plaintiff failed to show any possession by her or by those under whom she claims.

The plaintiff undertook to connect herself with Grant No. 504 by a deed from one W. L. Love, administrator of William Tatham, to J. R. Buchanan (one of the mesne conveyances to her), bearing date 15 May, 1873, and insisted that this deed covered the land described in the complaint. The defendants insisted that the description in this deed was too indefinite and did not describe the land set forth in the complaint. This deed contains no recital of the authority of W. L. Love, administrator, to convey; did not recite a bond for title from William Tatham to J. R. Buchanan, and none was introduced; this deed was signed simply "William Love, administrator of William Tatham." The defendants objected both that no authority was shown in the administrator to convey and that it did not describe the lands sought to be recovered. We need not consider the evidence as to the authority nor the other exceptions in the case, for we are of opinion that the description of the land in this deed is too indefinite to amount to a conveyance.

The description in said deed is as follows: "undivided half interest in and to a certain piece, tract, or parcel of land lying and being in the county (of Jackson) aforesaid, on the waters of Savannah Creek, being that covered by State Grant No. 504, containing 200 acres, more or less." There was no further description nor any description by metes and bounds. Grant No. 504 was a 640-acre tract, and it does not appear what 200 acres of the 640-acre tract were intended to be conveyed by this deed. This is not a conveyance of a whole tract of land, mistaking the quantity of land stated therein, but it is an attempt to convey an undivided half interest in an uncertain 200-acre tract lying somewhere within the bounds of said Grant No. 504, which was for 640 acres. The attempted conveyance is therefore void for uncertainty, even if it were valid in other respects. *Cathey v. Lumber Co.,* 151 N. C., 592, and cases there cited.

This description does not measure up to the rule laid down in *Farmer v. Batts,* 83 N. C., 387, where the subject is fully discussed with citation

of authorities. See, also, citations to that case in the Anno. Ed. This case clearly falls into the class of cases where the words of description have been held too indefinite to admit parol testimony. *Johnston v. Mfg. Co.*, 165 N. C., 105.

The plaintiff relies upon *Smathers v. Gilmer*, 126 N. C., 759, but that case is not in point. In that case there was no question as to the identity of the tract, but it appeared that when the plaintiff purchased he believed there were 500 acres in the tract, as recited in the deed. When the survey was run it appeared that there were only 262 acres. It was held that as the purchaser did not protect himself by a proper warranty as to the number of acres, and there was no false representation as to the number of acres, and both parties had equal means of information, the plaintiff could not recover damages for the shortage. That case has been cited since with approval in several cases quoted in *Bethell v. McKinney*, 164 N. C., 78. It has no bearing upon this case, where the conveyance is void for indefiniteness in conveying an interest in an undefined, unlocated 200 acres within a 640-acre grant.

The motion for nonsuit should have been allowed.

Reversed.