### JOSEPH BISSETTE v. J. L. STRICKLAND.

(Filed 24 February, 1926.)

**1. Deeds and Conveyances—Mortgages—Descriptions—Boundaries—Parol Evidence.**

A description in a mortgage to a life estate in lands as being in a certain county and township, containing twenty acres more or less, a part of a certain estate, and giving the names of two parties whose lands join it: *Held,* sufficient to admit parol evidence to fit the *locus in quo* to the description in the instrument, and is not void for vagueness of description. C. S., 992.

**2. Same—Evidence of Identification—Acreage.**

*Held,* evidence in this case tending to show that the mortgagor of the lands owned only one tract of land, that it identified the *locus in quo* by two adjoining owners, is sufficient, though the number of acres actually conveyed slightly exceeded the number given in the conveyance.

**3. Evidence—Questions for Jury.**

The weight of the evidence relative to the issues, when more than one reasonable inference can be made therefrom, is for the jury, though it may not be altogether positive or may be conflicting.

**4. Deeds and Conveyances—Mortgages—"Adjoining" Lands—Boundaries —Statutes.**

Where the word "adjoining" is used in giving the owners of land, it has the significance of giving the boundaries to the *locus in quo.* C. S., 992.

CIVIL ACTION tried before *Cranmer, J.,* at October Term, 1925, of NASH.

The plaintiff purchased from E. J. Bissette certain tracts of land in Nash County fully described in deed from E. J. Bissette to Joseph Bissette, recorded in Deed Book 279, page 136, in the office of the register of deeds for Nash County. The date of the deed was 27 November, 1922. Prior to the making of said deed the grantor therein, E. J. Bissette, had executed to the defendant, J. L. Strickland, a mortgage on a part of the land theretofore conveyed by him to the plaintiff, Joseph Bissette. The mortgage was dated 26 November, 1919, and duly recorded in February, 1920. The plaintiff brought this action to remove a cloud from his title, alleging in the complaint that said mortgage constituted a cloud upon his title. The defendant, answering the complaint, alleged that said mortgage was a valid and subsisting lien. The plaintiff contended that the description of the land mentioned in said mortgage was so vague and indefinite as to render the mortgage void. The description of the land was as follows: "A certain piece or tract

of land lying and being in Nash County, state aforesaid, in Bailey Township, and described and defined as follows: All of our lifetime interest in twenty acres of land, more or less, and being a part of the Mary A. J. Bissette estate, and joining the lands of F. R. Perry, John H. Griffin and others."

 · The plaintiff introduced in evidence the deed from E. J. Bissette and wife to him, above referred to, and also the mortgage above referred to from E. J. Bissette and wife to the defendant, J. L. Strickland. The defendant offered F. R. Perry, one of the adjoining land owners mentioned in said mortgage, who testified that he knew the boundaries of the Mary A. J. Bissettee land, and that he also knew the particular piece of land containing twenty acres, more or less, described in the mortgage; that it joined his land and also joined the John H. Griffin land, and that E. J. Bissette, the grantor in said mortgage, lived on this particular piece of land for several years, and that so far as he knew E. J. Bissette never owned any other land in the county.

Kinchen Lyles, another adjoining land owner, testified that he knew the land mentioned in the mortgage, and that the tract of land in controversy adjoined his land on the east, the land of Mrs. Martha Bissette on the west, the land of Mr. Perry on the north, and the Griffin land on the south, and that E. J. Bissette lived on this particular piece of land, and that it was separate from the other tracts of land; that he knew of no other piece of land containing twenty acres, more or less, which joined the land of Kinchen Lyles on the east, Martha Bissette on the west, F. R. Perry on the north, and John H. Griffin on the south except the E. J. Bissette land, *"and that there is no other tract of land that fills the bill."*

E. J. Bissette, the maker of the mortgage, testified that he had been living on the land twenty or twenty-five years., and this particular tract of land joined the land of F. R. Perry on the east and Kinchen Lyles on the south, and that he never owned any other piece of land except the land described in the mortgage.

There was testimony to the effect that Mary A. J. Bissette owned several tracts of land and that the tract in controversy contained twenty-five, thirty or thirty-one acres.

The plaintiff objected to all testimony of witnesses attempting to identify the land on the ground that the description in the mortgage was so vague and indefinite that the mortgage was void, and, therefore, parol evidence could not be admitted to aid the description. The jury found that the mortgage was a valid and subsisting lien on the property, and from the judgment, in accordance with the verdict, the plaintiff appealed.

*Austin & Davenport for plaintiff.*
*Finch & Vaughan and Manning & Manning for defendant.*

BROGDEN, J. The question arising from the record is whether the description of the property in the mortgage deed in controversy can be aided by parol testimony or whether the mortgage is void by reason of vague and indefinite identification of the property conveyed. The function of the description in conveyances is to identify the land covered by the conveyance. C. S., 992, is as follows: *"Vagueness of description not to invalidate.* No deed or other writing purporting to convey land or an interest in land shall be declared void for vagueness in the description of the thing intended to be granted by reason of the use of the word "adjoining" instead of the words "bounded by," or for the reason that the boundaries given do. not go entirely around the land described: *Provided,* it can be made to appear to the satisfaction of the jury that the grantor owned at the time of the execution of such deed or paper-writing no other land which at all corresponded to the description contained in such deed or paper-writing."

This statute applies only where there is a description which can be aided by parol, but not when there is no description. *Harris v. Woodard,* 130 N. C., 580.

It cannot be said that the mortgage contains no description of the land conveyed, because reference is made to adjoining owners and the land is further identified as being a part of the Mary A. J. Bissette estate. While the description is not complete, and perhaps may stand upon the border line of legal sufficiency, still it is within the principle announced in *Farmer v. Batts,* 83 N. C., 387, which principle has been firmly established, as settled law, by an increasing line of decisions reaffirming the soundness of that decision. *Johnson v. Mfg. Co.,* 165 N. C., 105; *Patton v. Sluder,* 167 N. C., 500; *Norton v. Smith,* 179 N. C., 553; *Green v. Harshaw,* 187 N. C., 213; *Freeman v. Ramsey,* 189 N. C., 790.

In obedience to the legal principles of construction deducted from the pertinent decisions of this Court we hold that the description in the mortgage is sufficient to permit the admission of parol evidence to identify the land or to fit it to the land intended to be conveyed. Therefore, the exceptions taken to parol evidence of identity, admitted by the trial judge are untenable. While the evidence was not altogether positive and unequivocal, and even to some extent conflicting, its weight and credibility was for the jury.

The fact that the acreage in the mortgage was referred to as twenty acres, more or less, and that there was evidence that the tract con-

tained twenty-five, thirty or thirty-one acres, does not affect the principle. *Patton v. Sluder,* 167 N. C., 500.

We have given careful consideration to all the exceptions presented in the record, and for the reasons given, we are constrained to hold that the evidence of identification was properly admitted and the case properly tried.

Affirmed.