JOHNSTON COUNTY v. MRS. D. J. STEWART AND HUSBAND, D. J. STEW-ART (ORIGINAL PARTIES DEFENDANT), AND MRS. ALICE MOORE, EZRA PARKER, TRUSTEE, J. V. PENNY AND WIFE, NANCY C. PENNY, MRS. LULA JANE HODGES AND HUSBAND, W. E. HODGES, LOVIE D. PAR-KER, AND THE TOWN OF BENSON (ADDITIONAL PARTIES DEFENDANT).

(Filed 27 March, 1940.)

1. Parties § 10—

The court has the power to order additional parties made, even after judgment.

2. Taxation § 40b—

Owners of property or those having registered liens thereon are not bound by judgments in tax foreclosure suits in which they are not parties, and they are not barred by the judgment therein from asserting their rights in the property or from setting up defenses to the action, but they may be joined as parties upon motion even after sale by the commissioner under the decree of foreclosure.

3. Same—

In an action to foreclose a tax sale certificate, a description of the property as "4 lots lying and being in Banner Township, Johnston County," is insufficient in itself and does not refer to anything extrinsic which might render the description certain, and a demurrer to the complaint containing such description should have been sustained.

4. Pleadings § 23—

Where the Supreme Court holds that the demurrer to the complaint should have been sustained, the plaintiff may move for leave to amend in accordance with C. S., 515.

APPEAL by defendants, Ezra Parker, Trustee, and Lovie D. Parker, from *Grady, Emergency Judge,* at January Term, 1940, of JOHNSTON. Reversed.

Action was instituted by the county of Johnston against Mrs. D. J. Stewart and her husband, in 1930, to foreclose the lien evidenced by tax sale certificate, pursuant to sale for nonpayment of taxes for the year 1927, on land listed in the name of Mrs. D. J. Stewart, and described in the complaint as "4 town lots lying and being in Banner Township, Johnston County." Decree of foreclosure was entered, and the property sold by a commissioner, and purchased by the town of Benson for $360.00. The money was paid and deed made by commissioner to the town of Benson in February, 1932. In 1939, the town of Benson offered the property for sale, and the purchaser, upon tender of deed, declined to pay the purchase price, on the ground that at the time of the foreclosure suit instituted by the county of Johnston there were outstanding liens on the property and the lienors were not made parties to the suit. Thereupon motion was made in the original action in the name of the county of Johnston that certain lien-holders and other persons interested in the property be made parties, including appellants. Summons was accordingly served, and the appellants demurred to the complaint on the ground that it did not state a cause of action, in that the description of the property set out in the complaint was void for indefiniteness, and that no proper judgment affecting title to land could be predicated upon a void description. Other defenses were set up by the demurrer relating to matters not alleged in the complaint.

The court below overruled the demurrer, and defendants Ezra Parker and Lovie D. Parker appealed.

*L. L. Levinson and J. R. Pool for plaintiff, appellee.*
*Parker & Lee and E. A. Parker for defendants, appellants.*

DEVIN, J. The power of the court to order additional parties made even after judgment was recognized in *Daniel v. Bethell,* 167 N. C., 218, 83 S. E., 307.

Judgments in tax foreclosure suits to which the real owners of the property or those holding registered liens thereon are not made parties are not binding upon such owners and lienors, and they are not barred thereby from asserting their rights in the property or from setting up defenses to the action. *Beaufort County v. Mayo,* 207 N. C., 211, 176 S. E., 753; *Buncombe County v. Penland,* 206 N. C., 299, 173 S. E., 609; *Hill v. Street,* 215 N. C., 312, 1 S. E. (2d), 850. When the appellants were brought into the case by the service of summons, it was their first opportunity to be heard, and they had the right to set up any defect of

which they were advised in the original proceeding. This they have done by demurring to the complaint on the ground that the description of the property therein contained was too vague and indefinite to constitute the basis for a valid judgment. The only description of the property in the complaint is that "there was listed in the name of Mrs. D. J. Stewart the following described land: "4 lots lying and being in Banner Township, Johnston County." It is apparent that the description is neither sufficient in itself, nor capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers. *Harris v. Woodard,* 130 N. C., 580, 41 S. E., 790; *Rexford v. Phillips,* 159 N. C., 213, 74 S. E., 337; *Speed v. Perry,* 167 N. C., 122, 83 S. E., 176; *Higdon v. Howell,* 167 N. C., 455, 83 S. E., 807; *Bissette v. Strickland,* 191 N. C., 260, 131 S. E., 655; *Bryson v. McCoy,* 194 N. C., 91, 138 S. E., 420; *Katz v. Daughtrey,* 198 N. C., 393, 151 S. E., 879; *Self Help Corp. v. Brinkley,* 215 N. C., 615, 2 S. E. (2d), 889; C. S., 992.

The demurrer should have been sustained, with right to the plaintiff to move for leave to amend in accordance with the provisions of C. S., 515. *Cody v. Hovey,* 216 N. C., 391; *Scott v. Harrison, ante,* 319.

The judgment overruling the demurrer in the respect herein pointed out is

Reversed.