### BESSIE DEANS v. PENROSE DEANS.

(Filed 3 November, 1954.)

**1. Trusts § 4b—**

Where plaintiff and defendant agree to purchase land and to have deed made to them jointly, and unknown to plaintiff, conveyance is made to defendant alone, equity, upon defendant's repudiation of the contract, will declare that defendant holds title to one-half of the property for the benefit of plaintiff.

**2. Same—**

In an action to establish a parol trust in lands on the ground that plaintiff contributed money and labor toward the purchase price, plaintiff must allege the amount or value of her contribution, since her interest would be limited by the proportion of her contribution to the whole purchase price.

**3. Betterments § 6—**

In an action to recover for contributions made by plaintiff in money and labor toward the erection of a house on lands under the *bona fide* belief that plaintiff owned a one-half interest in the lands, plaintiff must allege the value of her contributions.

**4. Venue § 2a—**

Where, in an action to establish an interest in real property, the complaint fails to allege that the land or any part thereof lies within the county in which the action is instituted, the Superior Court of such county does not acquire jurisdiction, and such failure of the complaint cannot be supplied by a more definite description in the judgment.

DEANS *v.* DEANS.

**5. Real Actions § 2—**

Where, in an action to establish an interest in real property, the complaint describes the land only as a certain parcel of land purchased from a named person, upon which the parties had built a six-room residence, and there is no evidence upon the hearing identifying the land, the description is insufficient to enable the court to enter a valid judgment with respect to the realty.

**6. Judgments § 10—**

The clerk of the Superior Court has no jurisdiction to enter a judgment by default final declaring a trust in favor of the plaintiff in real property. G.S. 1-211; G.S. 1-212.

**7. Clerk of Court § 3—**

The clerk of the Superior Court has only such jurisdiction as is given him by statute.

**8. Judgments § 27b—**

A void judgment is a nullity and may be quashed *ex mero motu,* and it is error for the court to deny a motion in the cause to vacate such judgment.

APPEAL by defendant from *Parker, J.,* November Term, 1953, NORTH-AMPTON Superior Court.

The plaintiff, after first obtaining leave to sue as a pauper, filed a complaint alleging in substance:

1. Plaintiff and defendant are residents of Northampton County, North Carolina.

2. That the parties were married in 1937 and lived together until their separation in November, 1949.

3. That on 6 April, 1945, the parties purchased "a vacant lot or parcel of land from J. M. Tayloe for $405.00," with the agreement and understanding the deed should be made to them jointly, each having a one-half interest.

4. That immediately after the purchase of the said lot of land in 1945 the parties built a six-room residence on said land, the plaintiff contributing money and labor to the building, "thinking she had and would always have a one-half interest in the property."

5. That the plaintiff labored long hours to the end she might have a home.

6. That the parties, after completing the building, lived in it until about 1948, when the defendant began associating with another woman.

7. That after beginning his association with another woman, defendant became abusive, cruel, assaulted the plaintiff and ordered her away from home; that he actually forced her to leave on 9 November, 1949.

8. That before the separation defendant did all he knew to make plaintiff's life miserable and intolerable.

9. That plaintiff from time to time has demanded since the separation a settlement for her interest in the home; that she thought she had a one-half interest in it until about six months before the institution of this suit, when she found out title was in the defendant.

10. That the defendant has refused either to give plaintiff title to the one-half interest in the home or to pay her the value thereof.

11. That the defendant, since the separation, has lived with another woman and now has four children by her, acknowledging them as his own.

12. That the plaintiff and defendant have no children; that the plaintiff is in destitute circumstances and broken in health.

13. That defendant refused to pay plaintiff one-half the value of the home, which is worth $3,000.

Plaintiff prays judgment:

(1) That the court declare plaintiff entitled to one-half interest in the residence and land; that defendant be declared to hold in trust one-half interest in same for the use and benefit of the plaintiff; that the court appoint a commissioner to sell said real estate for division and that the commissioner pay to the plaintiff one-half the net proceeds of the sale.

(2) If the court should hold the plaintiff is not entitled to a one-half interest in the real estate, that the plaintiff recover judgment for damages for willfully and maliciously turning her out of doors and failure to support her in the sum of $3,000.

Summons was issued 9 February, delivered to the sheriff on 10 February, and served by him on 17 February, all in 1953. No answer was filed and no extension of time given.

On 18 March, 1953, the Clerk of Superior Court of Northampton County, on motion for judgment by default, entered a judgment in which he recited the date of summons, the date of service, the failure to plead, and that the time to do so had expired; and that the cause of action was for recovery of real property. It was then ordered: "That the plaintiff be and she is hereby vested with the title for a one-half interest in and to that certain lot or parcel of land and residence situate thereon that was purchased from J. M. Tayloe and wife, Mary O. Tayloe, by deed dated April 6, 1945, and recorded in Book 317, p. 259, Northampton County Register of Deeds office, and that V. D. Strickland be, and he is hereby appointed by the court, Commissioner to sell said real estate for division at public auction, after first advertising the same as required by law, and report said sale to the court for confirmation and further order."

On 4 May, 1953, V. D. Strickland, Commissioner, filed a report reciting that on 2 May, 1953, he had sold the land described in the complaint when E. L. Timberlake became the last and highest bidder for $1,600.

On 14 May, 1953, the Clerk of the Superior Court entered an order confirming the sale, directing the commissioner to convey title to the pur-

chaser, and after paying costs, etc., to divide the balance of the purchase price, one-half to the plaintiff, and one-half to the defendant. On 23 May, 1953, the commissioner filed his report, reciting the collection of the purchase price of $1,600, and after paying specified items of cost incident to the sale, paid $720.01 to the plaintiff and $720.02 to the defendant.

On 21 August, 1953, the defendant, by counsel, filed before the clerk a motion in the cause to set aside the order of 18 March, 1953, for that:

(1) The plaintiff attempted to set up a parol trust, alleging she was the owner of a one-half interest in the house and lot conveyed by J. M. Tayloe.

(2) The complaint raises an issue of fact to be passed on by a jury, and that the clerk is without jurisdiction to try and determine the issues involved, and without authority to enter a final judgment.

(3) The plaintiff attempts to set up a parol trust involving the title to real estate and the clerk was without authority to enter judgment by default final, but only by default and inquiry.

(4) That the defendant has a meritorious defense and the judgment deprives him of his property without a jury trial.

(5) That the defendant is an illiterate person, unable to read or write, and was informed that the summons and copy of the complaint served on him were in an action for divorce and for that reason he did not file an answer.

(6) That the judgment of 18 March, 1953, is void for want of authority of the clerk to render it.

On 8 September, 1953, the plaintiff filed answer to defendant's motion of 21 August, alleging:

(1) That the defendant had full knowledge and information of the contents of the complaint and conferred with counsel before judgment was entered by default.

(2) That while the property was being advertised for sale, defendant had full information, conferred with the commissioner, made no objection, and before the ten days for advance bids had expired, demanded one-half the proceeds of sale.

(3) The judgment by default was entered as authorized by G.S. 1-211, was regular, and the defendant has no meritorious defense.

On 18 September, 1953, the defendant filed a reply, denying all allegations by plaintiff in her answer of 8 September, and renewed the prayer that the judgment be set aside as void.

On 29 October, 1953, the clerk, after hearing, entered an order in substance: The summons was duly issued and together with copy of the complaint was duly served on the defendant who failed to file answer or demurrer, "that the action was to have the defendant declared to hold title as trustee for the plaintiff to one-half undivided interest in the lands

described in the complaint, to have the lands sold for division and for alternative relief."

After repeating in substance plaintiff's allegation about the purchase of the lot, building of the house, agreement as to title, that the Court had previously rendered judgment by default ordering the sale which was made by the commissioner appointed in the original order, the purchase price collected, the deed executed to Timberlake, the purchaser, and that the defendant offered no evidence in support of his motion, the defendant's motion to vacate the judgment was denied.

The defendant excepted to the order and appealed to the Judge of the Superior Court. The appeal from the clerk was duly heard before Parker, J., of the Superior Court, *"de novo* and without a jury." V. D. Strickland, the commissioner, testified as to knowledge of the defendant of the subject matter of the action, the advertisement and sale of the property, the receipt of his share of the purchase price, and that at no time did he make any objection.

On 31 December, 1953, after hearing on the record and the evidence offered by the plaintiff, the court found as facts in substance: After reciting the issuance of the summons, filing of verified complaint, service on defendant and dates thereof, that defendant was informed of and knew the nature of the action, and failed to answer. That the clerk on 18 March, 1953, entered a default judgment that the plaintiff is the owner of a one-half undivided interest in the real estate described in the complaint, the appointment of the commissioner to sell for division, the sale, confirmation thereof; that the defendant knew of the advertisement and before sale permitted the time for advance bids to expire, and the sale to be confirmed without objection; received from the commissioner a check for one-half the net proceeds of the sale, which check was in the hands of the attorney for the defendant at the time of this hearing. That the purchaser is not a party to this action; that the defendant attempted to repudiate a transaction, the benefit of which he has accepted, that there is neither evidence of surprise on the part of the defendant, nor that he has a meritorious defense.

The motion to vacate the judgment was denied. The defendant excepted and appealed.

*V. D. Strickland and Gay & Midyette for plaintiff, appellee.*

*Jones, Jones & Jones and John R. Jenkins, Jr., for defendant, appellant.*

HIGGINS, J. The complaint in this case is a jumble containing some parts of different causes of action. It is drawn without regard to the requirement that each cause of action should be separately stated. First,

it is alleged that the plaintiff and defendant bought a vacant lot under an agreement that title should be taken in the names of both as joint and equal owners. Second, that under the belief she shared in the title, she contributed money and labor to the erection of a building on the lot under such circumstances as would amount to a trust for her benefit. Third, that the defendant maliciously turned her out of doors, drove her from her home, and failed to support her. In her prayer for relief, she asked the court to declare that she is entitled to a one-half interest in the land and that the title be declared held in trust for her benefit; that the court appoint a commissioner to sell the lands for division, and in the alternative, if the court should hold she is not entitled to one-half interest, that she recover $3,000 because of the defendant's failure to support her.

Upon failure of the defendant to file an answer, the clerk attempted to give the plaintiff the relief demanded in her complaint by decreeing "The plaintiff be and she is hereby vested with a title to a one-half (½) interest in and to that certain lot or parcel of land and residence situate thereon that was purchased from J. M. Tayloe and wife, Mary O. Tayloe, by deed dated April 6, 1945, and recorded in Book 317, page 259, Northampton County Register of Deeds office." This description, it may be noted, does not appear in the complaint.

The complaint alleges the plaintiff and defendant purchased a vacant lot for $405 "and it was agreed and understood at the time said purchase was made that the deed for said lot of land would be made to plaintiff and defendant jointly and that the plaintiff would have a one-half interest in said property." In a later paragraph it is alleged that unknown to her "title was vested in the defendant individually."

Liberally construed, the allegations would give rise to an express trust, that is, a trust arising on the contract to have the title conveyed to both. The plaintiff's remedy on repudiation or refusal to comply would be for breach of contract, and the equitable jurisdiction of the court could be invoked to declare the defendant held title to one-half the property for the benefit of the plaintiff.

In a later paragraph the complaint alleges the plaintiff "thinking at all times that she had and would always have a one-half interest in said property" contributed money and labor to the erection of a six-room dwelling thereon. She alleges her contribution would give rise to a resulting trust in her favor. "A trust of this character arises when a person becomes invested with a title to real property under circumstances which in equity obligate him to hold the title and to exercise his ownership for the benefit of another. Under such circumstances equity creates a trust in favor of such other person commensurate with his interest in the subject-matter. A trust of this sort does not arise from or depend upon any agreement between the parties. It results from the fact that one's money

has been invested in land and the conveyance taken in the name of another. It is a mere creature of equity." *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83.

The plaintiff's interest would be limited in proportion to her contribution to the whole purchase price. But nowhere does she allege the amount or value of her contribution. On failure to establish either an express or a resulting trust, she may be able to allege and prove sufficient facts to permit a recovery for improvements put upon the land under the mistaken belief she shared in the title.

What has been said thus far relates to the failure of the complaint adequately to state causes of action. Certainly not less serious is its failure properly to define the subject matter of the action with sufficient certainty to give the court jurisdiction. In order for the Superior Court of Northampton County to have jurisdiction, the complaint must allege the land, or at least some part thereof, is located in Northampton County. The description is contained in paragraph 3: "A vacant lot or parcel of land bought from J. M. Tayloe for $405." And in paragraph 4 it is alleged: "After the purchase of said lot of land in 1945 the plaintiff and defendant built a six-room residence on said land." Nothing else in the complaint adds to the description. Where is the lot? Is it in Northampton, Edgecombe, Cherokee, or Currituck? Is it in North Carolina or Virginia? True, there is a more definite description in the judgment by default signed by the clerk, but this judgment is no part of the complaint and cannot supply the defects of the complaint. Where or how the clerk came by the description does not appear. It did not come from the complaint. "The clerk of the Superior Court of Johnston County had no authority to allot dower in lands located in Wilson County. Hence, the proceeding was void *ab initio.*" *High v. Pearce,* 220 N.C. 266, 17 S.E. 2d 108.

Another hurdle is the sufficiency of the description. The description must identify the land, or it must refer to something that will identify it with certainty. Otherwise the description is void for uncertainty. Speaking to the question of the sufficiency of description in the case of *Johnston County v. Stewart,* 217 N.C. 334, 7 S.E. 2d 708, this Court said: "When the appellants were brought into the case by the service of summons it was their first opportunity to be heard and they had a right to set up any defense of which they were advised in the original proceeding. This they have done by demurring to the complaint on the ground the description of the property therein contained was too vague and indefinite to constitute the basis for a valid judgment. The only description of the property in the complaint is that 'there was listed in the name of J. D. Stewart 4 lots lying and being in Banner Township, Johnston County. It is apparent that the description is neither sufficient in itself

nor capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers.' *Harris v. Woodard,* 130 N.C. 580, 41 S.E. 790; *Rexford v. Phillips,* 159 N.C. 213, 74 S.E. 337; *Speed v. Perry,* 167 N.C. 122, 83 S.E. 176; *Higdon v. Howell,* 167 N.C. 455, 83 S.E. 807; *Bissette v. Strickland,* 191 N.C. 260, 131 S.E. 655; *Bryson v. McCoy,* 194 N.C. 91, 138 S.E. 420; *Katz v. Daughtrey,* 198 N.C. 393, 151 S.E. 879; *Self Help Corp. v. Brinkley,* 215 N.C. 615, 2 S.E. 2d 889."

In the case of *Bissette v. Strickland,* 191 N.C. 260, 131 S.E. 655, the description in question was: "A certain piece or tract of land lying and being in Nash County, state aforesaid, in Bailey Township, and described and defined as follows: All of our lifetime interest in twenty acres of land, more or less, and being a part of the Mary A. J. Bissette estate, and joining the lands of F. R. Perry, John H. Griffin and others." F. R. Perry, one of the adjoining landowners, gave parol testimony to aid the description as follows: "that he also knew the particular piece of land containing twenty acres, more or less, described in the mortgage; that it joined his land and also joined the John H. Griffin land, and that E. J. Bissette, the grantor in said mortgage, lived on this particular piece of land for several years, and that so far as he knew, E. J. Bissette never owned any other land in the county." Another adjoining landowner testified that he knew the land described, "that he knew of no other piece of land containing twenty acres, more or less, which joined the land of F. R. Perry and John H. Griffin except the E. J. Bissette land, and that there is no other tract of land that fills the bill." Speaking of the description, *Justice Brogden* for the Court, said: "It cannot be said the mortgage contains no description of the land conveyed, because reference is made to adjoining owners and the land is further identified as being a part of the Mary A. J. Bissette estate. While the description is not complete, *and perhaps may stand upon the border line of legal sufficiency,* still it is within the principle announced in *Farmer v. Batts,* 83 N.C. 387, which principle has been firmly established, as settled law, by an increasing line of decisions reaffirming the soundness of that decision." (Emphasis supplied.)

In *Speed v. Perry,* 167 N.C. 122, 83 S.E. 176, this Court said: "It is familiar learning, which was aptly stated by *Judge Gaston* in *Massey v. Belisle,* 24 N.C. 170, that every deed of conveyance (or contract) must set forth a subject-matter, either certain in itself or capable of being reduced to a certainty by a recurrence to something extrinsic to which it refers . . . 'No decree, however, for specific performance can be granted the defendant unless "his land where he now lives" (the descriptive words of the receipt) is fully identified by competent testimony.'"

If it be conceded that enough appears in the complaint to permit the introduction of parol evidence to complete the description, the evidence

must be offered, and found to be sufficient before a valid decree can be entered.

In the case of *Boone v. Sparrow,* 235 N.C. 396, 70 S.E. 2d 204, this Court said : "Lack of jurisdiction or power in the court to enter the judgment always avoids the judgment. This is equally true when the court has not been given jurisdiction of the subject-matter or has failed to attain jurisdiction on account of lack of service of proper process."

The summons and copies of the verified complaint were served on the defendant on 17 February, 1953. The defendant did not answer. On 18 March, 1953, the clerk entered his judgment by default final, decreeing that the plaintiff be "vested with title for a one-half interest in and to that certain lot or parcel of land and residence situate thereon that was purchased from J. M. Tayloe and wife, Mary O. Tayloe, by deed dated April 16, 1945, and recorded in Book 317, at page 259, Northampton County Register of Deeds office . . ." In the clerk's order a commissioner was appointed to sell the land at public auction for division. The defendant argues with much earnestness that the default judgment was entered before the defendant's full thirty days in which to answer had expired. Since February in the year 1953 had 28 days, and excluding the day of service and including the day the judgment was signed, only 29 days had elapsed. The defendant contends the clerk signed the judgment one day too soon. In her brief the plaintiff admits the judgment was signed before the time for answering had expired, and that the judgment is irregular for that reason, but she contends it stands until set aside by a proper proceeding. E. L. Timberlake, who bid off the property at the sale, is not a party to this cause.

The defendant, by motion dated 21 August, 1953, moved to set aside the judgment by default final on the ground the clerk attempted to execute a parol trust and that his default final judgment is not authorized by G.S. 1-211, but at most he is authorized to enter a judgment by default and inquiry under G.S. 1-212.

In *McCauley v. McCauley,* 122 N.C. 288, 30 S.E. 344, this Court said : "But the clerk is a court of very limited jurisdiction—only having such jurisdiction as is given it by statute. It has no common-law jurisdiction nor does it have any equitable jurisdiction. . . . The clerk had no power to render a personal judgment against the defendant Williams and declare it a lien on her land. And such a judgment is absolutely void and may be so declared at any time. Freeman on Judgments, sec. 120. This is bound to be so upon principle. A judgment rendered by a court having no jurisdiction is no judgment. It is absolutely void, and any execution issued on it is void, and gives no force or validity to acts of the sheriff done thereunder."

And again quoting from *Boone v. Sparrow, supra,* "A void judgment is not a judgment and may always be treated as a nullity . . . it has no force whatever; it may be quashed *ex mero motu. Clark v. Homes,* 189 N.C. 703, 128 S.E. 20." And quoting from the latter, "A void judgment is not a judgment and may always be treated as a nullity. It lacks some essential element; it has no force whatever; it may be quashed *ex mero motu. Stallings v. Gully,* 48 N.C. 344; *McKee v. Angel,* 90 N.C. 60; *Carter v. Rountree,* 109 N.C. 29; *Mann v. Mann,* 176 N.C. 353; *Moore v. Packer,* 174 N.C. 665."

"Therefore, the clerk, having undertaken to enter a kind of judgment which she had no jurisdiction to enter, the judgment so entered is void and is a nullity, and may be so treated at all times." *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690.

"If the court has no jurisdiction over the subject-matter, or has not acquired jurisdiction over the person in some manner recognized by law, or if not authorized to grant the particular relief contained in the judgment, the judgment is void." McIntosh, North Carolina Practice and Procedure, p. 734, sec. 651.

The legal defects in this case began with the complaint. For that reason we have pointed out some of its deficiencies. When the case is returned to the Superior Court of Northampton County, the plaintiff may apply for leave to amend if she is so advised.

The authorities herein referred to force us to conclude:

1. The complaint fails to allege the house and lot are located within the jurisdiction of the Superior Court of Northampton County.

2. The description of the property is insufficient to enable the court to enter a valid judgment with respect to it.

3. The clerk of the Superior Court was without authority to enter judgment by default final declaring the defendant held one-half the property in trust for the plaintiff.

4. The judgment of the Superior Court of 31 December, 1953, denying defendant's motion to vacate and set aside the clerk's orders of 18 March, 1953, and 29 October, 1953, was improvidently entered.

The clerk's orders of 18 March, 1953, and 29 October, 1953, and the judge's order of 31 December, 1953, are set aside.

Reversed.